366 So.2d 1353 (1978)
STATE of Louisiana ex rel. Joseph GOINER
v.
Hayden J. DEES, Warden, Dixon Correctional Institute.
No. 62497.
Supreme Court of Louisiana.
December 15, 1978.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Thomas Chester, Asst. Dist. Atty., for defendant-respondent.
Walter Sentenn, Robert Barnard, New Orleans, Orleans Indigent Defender Program, for plaintiff-relator.
SUMMERS, Justice.
Defendant Joseph Goiner was charged on August 26, 1977 with the August 19, 1977 simple burglary of the building and structure No. 2001 St. Bernard Avenue, belonging to one Julius Kimbrough with intent to commit a theft therein. At the time of the commission of this offense the applicable and effective provision of law was Subsection C of Section 571.3 of Title 15 of the Revised Statutes, which provided:
"No inmate in the custody of the Louisiana Department of Corrections who has been convicted one or more times under the laws of this state of first or second degree murder; manslaughter; aggravated battery; aggravated, forcible or simple rape; aggravated kidnapping; aggravated or simple burglary; armed or simple robbery; any violation of R.S. 14:67 which is a felony; any violation of R.S. 14:95, R.S. 14:95.1, or R.S. 40:1751, et seq. which is a felony; any violation of the Louisiana Uniform Controlled Dangerous Substances Law which is a felony; or any felony defined as an attempt to commit one of the aforementioned crimes and who has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, prior to or on September 9, 1977, shall be entitled to diminution of sentence for good behavior under this Part, if so ordered by the sentencing court." *1354 This statute made entitlement of habitual offenders to diminution of sentence for good behavior discretionary with the sentencing court.
On October 10, 1977 Goiner entered a plea of guilty as charged, at which time the trial judge sentenced him to serve three years imprisonment in the custody of the Director of the Department of Corrections, giving credit for time served.
Thereafter Goiner was charged as a multiple offender and on November 14, 1977, pled guilty to that charge; whereupon, the court vacated the sentence of three years previously imposed on October 10, 1977 and resentenced petitioner as a multiple offender to three years imprisonment.
In the meantime the Legislature enacted Act 633 of 1977 to amend and reenact Subsection C and to repeal Subsection D of Section 571.3 of Title 15 of the Revised Statutes to make mandatory, instead of discretionary with the sentencing court, the prohibition against diminution of sentence for good behavior with respect to inmates convicted of certain crimes, including simple burglary, and sentenced as habitual offenders.
Subsection C(2) of Section 571.3 as thus amended provided that no inmate so convicted
"and who has been sentenced as a habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1 after September 9, 1977 shall be entitled to a diminution of sentence for good behavior under this Part."
The effective date of Act 633 of 1977 is September 9, 1977. The effect of Subsection C(2) was to mandate denial of entitlement to diminution of sentence to all habitual offenders sentenced after September 9, 1977 regardless of the date of the commission of the offense. The Act purports to apply to Goiner's November 14, 1977 sentence as an habitual offender.
On April 6, 1978 Goiner filed an application for a writ of habeas corpus in the trial court contending that the correction officials had erroneously placed him under the provisions of Act 633, of 1977 because he was sentenced on November 14, 1977, after enactment of Act 633 of 1977. This, he contends, would deprive him of "good time" to which he was entitled under the law as it existed at the time of the commission of the offense on August 19, 1977.
The trial judge denied Goiner's application stating that Act 633 of 1977 was procedural, not substantive, and therefore its retroactive application was permissible in this case.
In a case without significant difference, insofar as the principles are concerned, this Court rejected the contention that these diminution of sentence statutes for good behavior could retroactively alter the situation to the prejudice of the rights of the party convicted. In State v. Curtis, 363 So.2d 1375 (La.1978) this Court, on the basis of the proscriptions applicable to the ex post facto provisions of the United States and Louisiana Constitutions, held:
"That the change in the law affecting the opportunity to earn a diminished sentence did not deprive a defendant of any vested right to good time does not alter the fact that the statute applies a new punitive measure to a crime already consummated to the detriment or material disadvantage of the wrongdoer . . . and it has the effect of making the standard of punishment "more onerous" through its effect on release eligibility. . . ."
For the reasons assigned, the classification of Goiner's sentence as without benefit of diminution of sentence for good behavior by officials of the Department of Corrections is improper at this time, and the case is remanded to the trial court for resentencing under the discretionary authority vested in the trial judge by Section 571.3(C)(1) of Title 15 of the Revised Statutes, in effect at the time of the commission of the offense on August 19, 1977. In particular, the sentence shall order whether, in his discretion, the trial judge considers Goiner entitled to diminution of sentence for good behavior.
DIXON, J., concurs.
TATE, J., assigns concurring reasons.
*1355 SANDERS, C. J., dissents, adhering to his dissent in State v. Curtis, La., 363 So.2d 1375 (1978).
MARCUS, J., dissents, adhering to his dissent in State v. Curtis, 363 So.2d 1375 (La.1978).
TATE, Justice, concurring.
The majority has correctly decided the principles applicable to the use of good-time statutes enacted after the date of the offense.
Under the arguments made before us, the majority does not reach the substantial additional issue: that the plea bargain was conditioned upon the defendant not receiving a greater sentence by any multiple-billing following his original plea of guilty. If indeed that was the plea bargain, then in my opinion clearly the trial court is without authority to exercise any discretion to withhold good-time availability upon the enhanced punishment permissible by virtue of the multiple-billing.