467 So.2d 1293 (1985)
STATE of Louisiana
v.
John WILLIAMS.
No. KA-2669.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
*1294 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., Julia S. Coley, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Defendant, John Williams, was charged by bill of information with a September 7, 1984 purse snatching, a violation of LSA R.S. 14:65.1.[1] Defendant was arraigned on September 16, 1982 and entered a plea of not guilty. On October 7, 1982, defendant requested a sanity hearing to determine his capacity to stand trial. On October 13, 1982, defendant was adjudicated competent to stand trial. Trial was held on October 14, 1982 and defendant was found guilty as charged by a six member jury. On October 21, 1982, the State filed a Multiple Bill and defendant pled guilty as charged.
Defendant was sentenced to twenty five (25) years at hard labor, and was denied good time.

FACTS:
On September 7, 1984, at approximately 6:30 p.m., fifty-nine year old Ethel Romero was walking home from work on Carrollton Avenue, near Birch Street. As she was walking defendant rode up on a bicycle and grabbed her purse. A struggle ensued, the strap broke and defendant rode away with the purse. Officers Geraldine Prudhomme and Michael Kilbride while investigating a traffic accident across the street observed the confrontation. They began to pursue the defendant and were joined by an off-duty officer, Timothy Morris. With Morris in hot pursuit, defendant lost control of his bicycle and crashed into a car. He jumped off the bicycle and tried to flee on foot. Officer Morris caught up with the defendant and after a brief struggle he was subdued. Officers Prudhomme and Kilbride brought the defendant to the home of Mrs. Romero who positively identified the defendant as the man who snatched her purse. She also identified a coin purse containing three or four dollars that defendant dropped as the one that was in her purse when it was taken.
*1295 Defendant appeals his sentence asserting the following assignments of error:
1) The trial court imposed an illegal sentence when it ordered that the defendant be denied the benefit of good time.
2) The trial court erred in imposing an excessive sentence.

ASSIGNMENT OF ERROR 1:
Defendant asserts the trial judge imposed an illegal sentence when he ordered the defendant, a habitual offender, serve his sentence without the benefit of diminution of sentence for good behavior (commonly called "good time"). Defendant contends that the felonies enumerated in LSA R.S. 15:571.3C(1)[2] are the only ones which preclude the earning of "good time" and the fact that his prior and present convictions are not included in the list make his sentence illegal.
Defendant's interpretation of the legislative intent behind La.R.S. 15:571.3 is incorrect.
First, the award of "good time" is not a federal constitutional right, but rather a matter of state law, the purpose of which is to serve as a disciplinary tool for prison officials. State v. Hallal, 351 So.2d 97 (La.1977). Furthermore, the trial court may deny a defendant the advantage of earning good time without depriving him of his freedom without due process of law. State v. Hallal, supra.
Second, prior to September 9, 1977, the awarding or denying of "good time" was solely within the discretion of the sentencing court regardless of the types of felonies committed. With the enactment of Act. 633 on September 9, 1977, this discretion was restricted but not taken away. The enactment of Act 633 served only to amend and reenact Subsection C and to repeal Subsection D of R.S. 15:571.3 to make mandatory, instead of discretionary, with the sentencing court, the prohibition against diminution of sentence for good behavior only with respect to inmates convicted of those certain felonies enumerated in the statute. Under the statute, whether the sentencing of a defendant as a habitual offender occurs prior to or after September 9, 1977, determines whether the prohibition against diminution of sentence for good behavior is discretionary under La.R.S. 15:571.3(C)(1) or mandatory under La.R.S. 15:571.3(C)(2) for the felonies enumerated. State v. Wilson, 360 So.2d 166 (La.1978); State Ex. Rel. Goiner v. Dees, 366 So.2d 1353 (La.1978). The clear wording of the statute does not prohibit, nor does the jurisprudence indicate the legislature intended to take away the sentencing court's discretion in prohibiting "good time" for habitual offenders convicted of felonies not enumerated in the statute. This discretion is still vested with the sentencing court.
Thus, we find no manifest error in the sentencing court's exercise of its discretion in prohibiting the defendant from earning *1296 a diminution of sentence for good behavior.

ASSIGNMENT OF ERROR 2:
Defendant asserts that his twenty-five (25) year sentence for purse snatching is excessive. Defendant asserts that although it may be argued that harm could have resulted from the defendant's struggle with the fifty-nine year old victim, no physical harm did in fact result and though traumatized, the victim sustained very little monetary damage. In light of these circumstances, defendant feels his sentence is nothing more than the needless imposition of pain and suffering and that such a lengthy incarceration contributes nothing to the purposes of incarceration.
The penalty provision of LSA R.S. 14:65.1 provides as follows:
"Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years."
As a second or habitual offender under the provisions of LSA R.S. 15:529.1 defendant could have received a maximum sentence of forty (40) years.
The Louisiana Constitution prohibits the imposition of excessive punishment. Art. 1, Sec. 20. The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable by this Court on appellate review. State v. Thomas, 447 So.2d 1053 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence which appears to be severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Telsee, 425 So.2d 1251, 1253 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361, 1364 (La.1980).
The trial court must articulate reasons for an apparently severe sentence tailoring it to the individual offender and the particular offense. State v. Tilley, 400 So.2d 1363 (La.1981). Code of Criminal Procedure Article 894.1 sets forth the criteria to be used by the trial court in its determination. The trial judge need not articulate every circumstance cited, but it must indicate that it considered the 894.1 guidelines in tailoring a particular sentence to a particular crime. State v. Guiden, 399 So.2d 194 (La.1981). Not only the aggravating circumstances, but the mitigating circumstances as well must be considered. State v. Franks, 373 So.2d 1307 (La.1979) and the court must state the factual basis underlying its conclusion. State v. Saunders, 393 So.2d 1278 (La.1981). Accordingly, the sentencing record must reflect that the trial judge considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
In the instant case, a review of the sentencing transcript shows that the trial judge considered both mitigating and aggravating circumstances in imposing sentence. Thus, the trial judge adequately complied with Art. 894.1.
Although not unbridled, the trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982); State v. Washington, 414 So.2d 313 (La.1982).
In reviewing the sentence, this court must determine whether this sentence is too severe in light of the particular defendant and the particular crime. Quebedeaux, supra; Jones, supra.
The reviewing court may look to similar cases to determine a sentence's excessiveness, especially to assure that

*1297 "Maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender." Quebedeaux, supra. at p. 1014.
In State v. Reed, 396 So.2d 1316 (La.1981), the Louisiana Supreme Court upheld a twenty (20) year sentence for a first offender's conviction for purse-snatching. In upholding the sentence, the court noted defendant's extensive juvenile record including several offenses against the person.[3]
In the instant case, defendant was sentenced as a second offender to twenty-five years. In imposing sentence, the trial judge stated:
"This defendant has a very lengthy criminal record, going back to 1980 involving arrests for theft, criminal trespassing, on another occasion possession of marijuana, on another occasion armed robbery, on another occasion criminal trespass, possession of stolen property, on another occasion burglary and attempted auto theft, on another occasion possession of a stolen vehicle, on another occasion simple escape, attempt to carry a concealed weapon, battery on an officer, resisting an officer and flight from an officer."
Considering defendant's past criminal activity we find no abuse of discretion on the part of the trial judge in sentencing defendant. This assignment of error is without merit.

ERRORS PATENT.
We have also received the record for errors patent as mandated by La.C.Cr.P. Art. 920(2). We find none.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA R.S. 14:65.1:

"A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years."
[2] La.R.S. 15:571.3 reads in pertinent part:

"C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcibel rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
(q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and ..."
[3] See State v. Reed, supra at 1317.

"In sentencing defendant, the trial judge referred to a pre-sentence investigation report which contained information regarding defendant's extensive criminal activity as a juvenile. Several of these offenses involve crimes against the person. As a juvenile, defendant committed two simple robberies and two armed robberies. Additionally, defendant committed, theft, two simple burglaries and possession of a controlled dangerous drug. Defendant also escaped once from Milne Boy's Home and once from Louisiana Training Institute."