GULOTTA, Judge.
Defendant appeals his concurrent sentences of six years at hard labor on each of three counts of simple burglary (LSA-R.S. 14:62). In his sole assignment of error, he contends the trial judge erred in sentencing him to serve his terms without the benefit of “good time”.
Before addressing defendant’s argument, we note an ambiguity in his sentences on the face of the record. Because defendant had been previously convicted of a federal offense, he was sentenced as a multiple offender, as follows:
“I find that this defendant is not eligible for probation. I find further that he had exhibited in the past a proclivity toward criminal activity that involved the distribution of cocaine that was valued at $77,-000 according to the presentence investigative report. I find that he has been involved in activity that now indicates that there are three automobiles that have been vandalized and burglarized, and the jury has found him guilty of being involved. I find further that he has pled guilty, and I take that into consideration of being a second offender. It is the sentence of the Court as to each of these three counts that the defendant serve six years in the custody of the Department of Corrections. That sentence shall be without benefit of good time. The defendant is eligible for parole after serving one half of the sentence. Each of those three-year sen *811 tences are to run concurrently. In compliance with Article 894.1 of the Code of Criminal Procedure, I find that this defendant’s activity indicates to the Court that he is going to continue along the path of criminal involvement. I find further that he is not eligible for probation, and I find that the sentence of six years is within the range of sentencing, wherein the sentence could be up to 24 years, that is one that is fair to all parties involved.”
The Louisiana Supreme Court and this Court have held that multiple convictions entered on the same date must be treated as one conviction for enhancement purposes under LSA-R.S. 15:529.1. See State v. Sherer, 411 So.2d 1050 (La.1982); State v. Dennis Lennon, 496 So.2d 1159 (La.App. 4th Cir.1986); State v. Killion, 483 So.2d 1281 (La.App. 4th Cir.1986), writ denied, 492 So.2d 1215 (La.1986). Thus, in the instant case, the trial judge can use only one of the three counts of simple burglary for enhancement purposes; he cannot enhance all three. See State v. Sherer, supra. Because of the references to both three year and six year terms in the sentencing transcript, however, it is not clear whether the trial judge improperly enhanced all three burglary counts to six years or whether he intended to enhance only one count to six years and sentence defendant to three years on each of the other two counts. Accordingly, we vacate the sentence and remand to allow the trial judge to resentence the defendant, so as to clarify the sentence imposed on defendant as a multiple offender.
Turning now to defendant’s assignment of error, we note the trial judge further stated that defendant would not be eligible for parole before serving one-half of his sentence and that his sentence was not to be diminished for good behavior under LSA-R.S. 15:571.3. According to defendant, the trial judge erred since LSA-R.S. 15:571.3(C) prohibits “good time” only if the following three conditions are met: 1) the inmate must have been convicted of one or more felonies under Louisiana law listed in the statute; 2) the inmate must have been sentenced as a habitual offender under LSA-R.S. 15:529.1; and 3) the inmate’s last conviction must be for a crime committed on or after September 10, 1977. Because his previous conviction was for a federal offense rather than a Louisiana felony listed in LSA-R.S. 15:571.3(C)(1), defendant argues that the first requirement of the statute has not been satisfied. We disagree.
In State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985), we rejected virtually the same argument that felonies listed in LSA-R.S. 15:571.3(C)(1) are the only ones that preclude the earning of good time. Although the cited statute requires the sentencing judge to withhold “good time” for habitual offenders guilty of certain enumerated felonies committed after certain dates, we held in Williams that the sentencing judge still retains discretion to prohibit good time for habitual offenders with prior convictions for felonies not listed in LSA-R.S. 15:571.3(C)(1). The statute does not set forth an exclusive list of prior offenses or conditions that must be present in every case before a judge can deny good time.
The rationale of Williams, supra, applies in the instant case. Accordingly, in light of defendant’s prior federal criminal record, we find no abuse of the trial judge’s discretion in prohibiting defendant from earning good time while serving his burglary sentences.
Accordingly, defendant’s convictions and sentences are affirmed, insofar as defendant is deprived of earning “good time”. The sentences are vacated and the case is remanded for resentencing so as to permit the trial judge to clarify the terms imposed on the multiple bill consistent with our opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.