BYRNES, Judge.
Defendant, Donald Black, was charged with simple burglary, a violation of R.S. 14:62, and was convicted of attempted simple burglary. He was subsequently adjudged a third offender and sentenced to serve 8 years at hard labor without diminution of sentence for “good time”. By this appeal, Black asserts that the trial court erred in ordering him to serve his sentence without the benefit of “good time”. We disagree and affirm.
In the early morning of August 27, 1984, two New Orleans Police Officers responded to a silent alarm at the Western Sizzlin Steak House located on General DeGaulle Avenue. A subsequent search of the interior of the restaurant revealed the defendant standing with his arms raised in the air. Further investigation produced a screwdriver and tire tool which were apparently used by the defendant to gain entry into the restaurant from a vent located on the roof.
By his sole assignment of error, Black contends that the trial court exceeded its authority by sentencing him to serve his 8 year jail term without the benefit of “good *925 time”. In support of this assertion, Black argues that neither R.S. 15:529.1, the habitual offender statute, nor R.S. 14:62, the simple burglary statute, contain sentencing provisions which provide the trial court with the authority to deny diminution of sentence for “good time.” We are not persuaded by this argument. Although these statutes are silent as to whether the trial court may deny a defendant the advantage of earning “good time”, the absence of such express authority does not deprive the trial court of its discretion in this area.
Under R.S. 15:571.3, which governs the granting of “good time”, the trial court is prohibited from awarding “good time” to habitual offenders convicted of certain felonies enumerated in the statute. Prior to the amendment of this statute by the enactment of Act 633 of 1977, the award or denial of “good time” was solely within the discretion of the sentencing court regardless of the felony committed. However, with the 1977 amendment and the subsequent amendment by Act 501 in 1979, the legislature withdrew the trial court’s discretion to grant “good time” for habitual offenders convicted of certain felonies by prohibiting the diminution of their sentences for good behavior. Neither the language of R.S. 15:571.3 nor the jurisprudence applying it indicates, that the legislature intended to take away the sentencing court’s discretion to grant or deny “good time” to habitual offenders convicted of felonies not enumerated in the statute. This discretion is still vested with the sentencing court. State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985). This assignment is without merit.
We have reviewed the record for errors patent and, finding no errors, affirm the trial court’s judgment and sentence.
AFFIRMED.