KLEES, Judge.
The defendant Buford Jefferson, Jr., was convicted in a trial by jury of distribution of a controlled substance, pentazocine, commonly known as “Talwin”. His appeal lists six assignments of error.
The events forming the basis of this prosecution took place on March 25, 1983. New Orleans Police Officers Lloyd Clark and Johnny Evans, dressed in plain clothes were bringing a prisoner back to the comer of Gallier & Law Streets, an area noted for illicit drug traffic, when they noticed the defendant and another man standing in a courtyard in the 3500 block of Law Street. As Officer Evans walked over to the two men, he saw the defendant hand something to a man he recognized as Emmett Miller. As Officer Evans got closer he asked “What you got there, Emmett?”, and Mr. Miller responded “Well, I was just scoring before I went to work.” Miller opened his hand and showed Evans a “set”, which consisted of pentazocine and pyrobenza-mine wrapped in a brown piece of paper.
The defendant started to back up and dropped a large piece of paper from his hand. He stated “You didn’t get that from me.” The officer ordered the men to stop and to place their hands on the building so they could be searched. Forty-three ($43.00) dollars was seized from the defendant and the men were arrested.
At trial, Officer Evans related the above facts and Officer Clark substantiated the story. Emmett Miller testified that he had stopped to borrow money from the defendant when the police arrested them. He stated that he did not get the drugs from the defendant. A stipulation was entered into the effect that if the criminalist who tested the drugs were to testify, he would state that they were positive for pentazo-cine.

Assignment of Error Number One

By this assignment of error, the defendant submits that the trial court erred in denying his Motion to Suppress Evidence.
On June 7, 1983, the defendant filed an oral Motion to Suppress the Evidence with the promise that it would be supplemented in writing. Since there is no written motion in the record, apparently one was not filed. On July 12, 1983, the trial court adopted, without a hearing, a denial of a Motion to Suppress filed in Emmett Miller’s case.
The State responds arguing that the trial court was bound by this ruling and the defendant is prevented from raising the issue on appeal. The defendant clearly has a right to appeal the denial of this motion, whether or not the ruling was adopted from another section of the court. Furthermore, he has standing to assert the *796 illegal seizure of the drugs from Miller, since he was adversely affected. State v. Gibson, 391 So.2d 421 (La.1980).
The defendant goes on to argue that the seizure violated his Fourth Amendment right against unreasonable searches and seizures.
The general rule is that warrantless searches are prohibited unless there exists an exception. One such well recognized exception is a search incidental to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Smith, 477 So.2d 893 (La.App. 4th Cir.1985).
The existence of reasonable cause must be determined under the facts of each case by ascertaining whether the officer had sufficient knowledge of circumstances which would justify an infringement on the individual’s right to be free of governmental interference. State v. Franklin, 449 So.2d 63 (La.App. 4th Cir.1984).
The facts of this case suggest that Officer Evans had reasonable cause to believe a drug transaction had taken place. He saw the defendant hand something to Mr. Miller in an area notorious for illicit drug transactions. He approached the men and asked Mr. Miller what he had. Mr. Miller responded that he “was just scoring” and opened his hand to show the drugs to the officer. Once Officer Evans witnessed the transaction, saw the drugs, and observed the defendant nervously backing away, he had probable cause to arrest the defendant. He could then seize the drugs and lawfully search the defendant incident to this lawful arrest. Thus the Motion to Suppress was properly denied. This assignment of error lacks merit.

Assignment of Error Number Two

By this assignment of error, the defendant argues that the trial judge erred in allowing the State’s expert, Sergeant Ben, to testify to an issue of fact.
Sergeant Ben was accepted as an expert in the field of the distribution of Talwin after testifying to his previous experience. He proceeded to describe the normal narcotics transaction, normal activity of the participants and the police, and the street value of the drug. He then began testifying as to whether it is common for dealers to carry cash on their persons. Following cross-examination, the'following transpired during the State’s re-direct:
Q. Officer, I am going to show you an item which is marked as State’s Exhibit 2 and ask you to take a look at it.
A. Appears to be U.S. currency.
Q. U.S. currency, $43.00 to be exact, Officer.
If I were to tell you that this was found on a particular individual believed to be involved in drug transactions, that amount of money would be consistent with what, in your expert opinion?
A. I could — I could not give you an expert opinion on such a small amount of money. $43.00 is something that any individual might have in his possession at any given time. I would have to have more facts surrounding that before I could make a diagnosis.
Q. This individual had just recently been arrested—
MR. DeAGANO:
Judge, I am going to object THE COURT:
It has to be on facts in evidence. EXAMINATION BY MR. ALEXANDER:
Q. Hypothetically, the individual — well, the money had just been found on who had just been recently arrested and charged with—
THE COURT:
Forget about what he is charged with, give him the facts
EXAMINATION BY MR. ALEXANDER:
Q. The officers had observed what they believed to be a drug transaction, one set was found on the buyer or the person to be the buyer, no drugs were found on the individual believed to be the seller. $43.00 was found on the person of the seller.
A. With that information I would definitely say that a portion of that money could have come from a drug transac *797 tion. I wouldn’t say that all of it had come from one individual transaction but it would be highly suspect that the majority of it did. (Tr. p. 45-47).
The defendant contends that this testimony was equivalent to a direct statement by Sergeant Ben that the defendant distributed drugs and such testimony is tantamount to an opinion that the defendant is guilty of the charge.
The defendant cites State v. Wheeler, 416 So.2d 78 (La.1982), in support of this argument. Wheeler involved a prosecution for possession of marijuana with intent to distribute. The prosecutor posed a “hypothetical” to his expert in narcotics transactions, which consisted of a summary of his evidence. After he related the facts to the witness, he asked “In your expert opinion what is the likelihood of this individual being involved in the distribution of marijuana?” Over the defense counsel’s objection, the expert answered, “In my opinion the person would be involved in the distribtion of marijuana ...” The Supreme court found that his testimony amounted to an opinion that the defendant was involved in the distribution of marijuana and reversed the defendant’s conviction on this ground.
In State v. Montana, 421 So.2d 895 (La. 1982), also cited by the defendant, the defendant was charged with attempted possession of heroin with intent to distribute. The State called an expert in the field of illicit use and distribution of heroin to testify. At the end of his testimony, the prosecutor posed a question to the expert which echoed the facts of the case, and asked him what would be his opinion. The expert replied that it was “More than likely the female is the courier for the ... male addict ... she’s in possession for the person that she’s with.” Id. at 900. The expert then stated that the amount of heroin seized in this case was “a bit much for a person to shoot at one time”, and it was his opinion that they had it for sale. The defendant’s conviction was reversed based on this testimony.
Similarly, in State v. White, 450 So.2d 648 (La.1984) the Supreme Court found that an answer to a hypothetical question was in fact an expression of opinion as to the defendant’s guilt, and reversed the conviction. The question and answer were:
This is a hypothetical question. If someone is standing on the corner of London and Dorgenois with a matchbox which contained twenty-seven foils of heroin, in your professional opinion, what is the probability — what is the purpose of him standing there with that matchbox of heroin ...
Witness: In my opinion, a person standing on the street corner with a matchbox containing say twenty-seven tin foils containing heroin, would be there for the purpose of selling or distributing.
In the case at bar, the last question asked by the prosecutor to Sergeant Ben was very specific on the facts of the case. The question was:
The officers had observed what they believed to be a drug transaction, one set was found on the buyer or the person to be the buyer, no drugs were found on the individual believed to be the seller. $48.00 was found on the person of the seller.
Sergeant Ben responded:
With that information I would definitely say that a portion of that money could have come from a drug transaction. I wouldn’t say that all of it had come from one individual transaction but it would be highly suspect that the majority of it did.
We find that this question and answer are distinguishable from that in Wheeler, Montana, and White. In these cases the expert testified that an individual carrying on these activities listed in the question was involved in distribution of drugs. Here, Sergeant Ben testified that “a portion of that money (seized from the defendant) could have come from a drug transaction.” This is not tantamount to a statement that the defendant is guilty of distributing drugs. This statement left the jury free to conclude that this money could not have come from a drug transaction, hence, this assignment of error lacks merit.

Assignment of Error Number Three

By this assignment of error, the defendant argues that the State failed to *798 present sufficient evidence to sustain his conviction.
The defendant’s conviction was based on circumstantial evidence, since no one actually saw the drugs change hands. When reviewing a case based on circumstantial evidence, the appellate court must determine whether every reasonable hypothesis of innocence was excluded, assuming every fact to be proved that the evidence tends to prove. R.S. 15:438.
In this case, Officer Evans testified that he witnessed a transaction and almost simultaneously approached the defendant and Mr. Miller. Mr. Miller showed the officer the drugs and told him he had just “scored.” Immediately, the defendant began backing away and denying the sale. Given these facts, the evidence is sufficient to support the conviction. This assignment of error lacks merit.

Assignment of Error Number Four

By this assignment of error, the defendant claims the trial court erred in finding him to be a third offender because the State failed to prove that the cleansing period had not lapsed between this conviction and his previous convictions.
The defense counsel did not object to the prior convictions at the multiple bill hearings, therefore this is an issue which should be raised through the avenue of post-conviction relief. However, because the multiple bill hearing transcript is now before the court, we have decided to address the issue in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983).
Louisiana Revised Statute 15:529.1(C) provides that if more than five years lapse between the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted, the previous conviction cannot be used to enhance a sentence pursuant to this statute. In State v. Anderson, 349 So.2d 311 (La.1977) the Supreme Court held that this “maximum sentence” was not necessarily the sentence imposed by the trial court, but was the actual sentence served whether it was diminished by good time or increased by revocation of parole or probation.
At the multiple bill hearing the State introduced a “penitentiary packet” containing documents relating to the defendant’s first and second conviction. The documents show that the defendant was sentenced to seven years for armed robbery on February 12, 1965, and was parolled on May 27, 1968. A “Conduct Report” contained in this packet shows that the defendant was still on parole on November 15, 1972. The documents also show that the defendant pled guilty to possession of heroin on February 22, 1972. Thus five years had not elapsed between the maximum sentence for the defendant’s first conviction and the commission of his second offense.
The penitentiary packet also included a “Warrant” of the United States Parole Commission showing that the defendant was released from prison on November 2, 1979 and placed on parole. Thus the State proved the five years did not elapse between the maximum sentence of his second conviction and the commission of the present offense, March 25, 1983. This assignment lacks merit.

Assignment of Error Number Five

By this assignment of error the defendant asserts that the trial court erred in sentencing him to serve eight years at hard labor without benefit of good time. He claims that the trial judge was not empowered to deny good time under Revised Statute 15:571.3. We disagree.
Our reading of the statute indicates that the statute does not prohibit the trial judge from using his discretion in denying the defendant good time if the requirements of the statute are met. State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985). The statute provides that a defendant will not be allowed diminution of his sentence if he has been convicted one or more times of one or more of an enumerated list of crimes. This list includes armed robbery and a violation of the Louisiana Uniform Controlled Dangerous Substances Law. The statute further requires that the defendant be sentenced pursuant to the Habitual Offender Law, and that the defend *799 ant’s last conviction for purposes of the Habitual Offender Law was for a crime committed on or after September 10, 1977.
The requirements were met in this case. The defendant had been convicted of two of the enumerated crimes, he was sentenced pursuant to the Habitual Offender Law and his last conviction was for a crime committed on March 25, 1983, which is after September 10,1977. This assignment of error lacks merit.

Assignment of Error Number Six

By his final assignment of error, the defendant contends that the trial court erred in sentencing him to thirty days in default of payment of court costs because he is indigent.
This Court has previously held that imposing a fine in default of which an indigent would serve an additional prison term is a violation of the defendant’s right to due process and equal protection. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir. 1986); State v. Barnes, 495 So.2d 310 (La. App. 4th Cir.1986). Therefore we amend the sentence to delete the thirty days in default of cost.
For the above stated reasons, the defendant’s conviction is affirmed. His sentence is amended to delete the additional thirty days in default of payment of court costs. In all other respects his sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED.