ARMSTRONG, Judge.
Donald Kuykendahl was charged with offenses of forcible rape and aggravated burglary. After a trial a twelve-member jury found him not guilty on the burglary charge and guilty of the lesser included offense of sexual battery as to the rape charge. Subsequently, he pled guilty to being a multiple offender, waived all delays, and was sentenced to serve twenty years at hard labor without benefit of parole or good time. On appeal Kuykendahl argues that the trial court erred in denying him good time eligibility and denying him parole eligibility.
The record reflects that at approximately midnight on March 6, 1985, B.H. awoke in her room at the Orleans Hotel to find a man standing over her, pulling down the covers on her bed. Ms. H. screamed, and the man, later identified as the defendant Donald Kuykendahl, put his hand over her mouth, threatening to kill her if she resisted. He then raped her vaginally twice and forced her to perform oral sex on him. After the second rape, Kuykendahl laid back on the bed and fell asleep. Ms. H. then escaped from the room and fled down the stairs, where she called the police. Officers responding to her call discovered Kuykendahl asleep in Ms. H.’s bed and arrested him. Some costume jewelry and two $5.00 bills which belonged to Ms. H. were found in his pants pocket.
By his first assignment of error, Kuykendahl contends that the trial court erred by denying him eligibility for good time credits. In support, he cites LSA-R.S. 15:571.3, which sets forth guidelines for the mandatory denial of good time credits. He also cites State v. Jefferson, 511 So.2d 794 (La.App. 4th Cir.1987), which held that “the statute does not prohibit the trial judge from using his discretion in denying the defendant good time if the requirements of the statute are met.” Id. at 798. Kuydendahl argues, and the State concedes, that because his prior convictions do not fall within the guidelines of LSA-R.S. 15:571.3, the trial court could not deny him eligibility for good time credits.
However, in State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985), this court addressed the situation where the defendant’s convictions did not fit the guidelines of LSA-R.S. 15:571.3. This court noted that prior to September 9, 1977, the award or denial of eligibility for good time credits was solely within the trial court’s discretion. Act 633 of 1977 amended R.S. 15:571.3 to limit the trial court’s discretion by mandating that good time eligibility is prohibited in instances where a defendant is a multiple offender and his convictions *404 are for certain enumerated felonies. This court further held:
The clear wording of the statute does not prohibit, nor does the jurisprudence indicate the legislature intended to take away the sentencing court’s discretion in prohibiting “good time” for habitual offenders convicted of felonies not enumerated in the statute. This discretion is still vested with the sentencing court. Id. at 1295.
See also State v. Black, 508 So.2d 924 (La.App. 4th Cir.1987). Thus, the trial court still has the discretion to deny good time eligibility in instances where R.S. 15:571.3 C does not apply. As such, even though the appellant’s prior convictions do not fall under the provisions of LSA-R.S. 15:571.3 C, the trial court still could deny him eligibility for good time credits. This assignment is without merit.
By his second assignment of error, Kuykendahl contends that the trial court erred in sentencing him without eligibility for parole because, pursuant to LSA-R.S. 15:574.4(A)(1), as a second felony offender, he is entitled to parole consideration after serving one-half of the twenty year sentence imposed. Kuykendahl refers to that portion of LSA-R.S. 15:574.4(A)(1) which provides, in pertinent part:
... upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed ...
Of course, the trial judge found that Kuykendahl had three previous felony convictions, and thus ordered that Kuykendahl be sentenced without benefit of parole pursuant to another provision contained in LSA-R.S. 15:574.4(A)(1), which provides, in pertinent part:
... A person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole.
(emphasis provided). Kuykendahl appears to argue that, because he was sentenced pursuant to LSA-R.S. 15:529.1 as a second offender, he could not be denied parole as a three time offender pursuant to LSA-R.S. 15:574.4. However, LSA-R.S. 15:574.-4(A)(1) clearly refers only to the number of felony convictions as pertains to parole eligibility, and not to the length of a sentence for a defendant convicted for a second, third, or fourth felony offense under LSA-R.S. 15:529.1.
Kuykendahl’s assignment is, therefore, without merit.
For the foregoing reasons, Kuykendahl’s conviction and sentence are affirmed.
KLEES, J., concurs.