536 So.2d 430 (1988)
STATE of Louisiana
v.
Reginald K. MELANCON.
No. KA 6696.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
On Rehearing January 12, 1989.
Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GULOTTA, C.J., and WILLIAMS and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Defendant, Reginald K. Melancon, was charged with two unconnected counts of armed robbery, a violation of La.R.S. 14:64. After a trial a twelve member jury found the defendant guilty as charged on the first count but was unable to reach a verdict as to the second count. He was subsequently sentenced as a second offender under La.R. S. 15:529.1 to serve thirty-three years at hard labor without benefit of parole, probation, suspension of sentence, or good time. On appeal defendant raises three assignment of error.
The record reflects that shortly after noon on March 13, 1986, Michael Wells was visiting an insurance client in the Melpomene Project. When he left his client's apartment, he was confronted on a project landing by a man who robbed him at gunpoint of approximately $800.00. In his description of the assailant given to the police, Wells noted that the man was clean-shaven. Although Wells was unable to make an identification of his assailant through a photographic lineup conducted approximately a month after the robbery, *431 he positively identified the robber as the defendant Reginald Melancon at a physical lineup conducted some two months after the robbery. Several defense witnesses testified that Melancon had a mustache at the time of the robbery and had had a mustache for many years prior to that time.[1]
A review of the record reveals that there are no errors patent.

ASSIGNMENT OF ERROR NO. 1
By this assignment defendant contends that the trial court erred in denying his motion to suppress the identification. He argues that the physical lineup from which he was identified was composed of men so unlike him as to render the victim's identification of him unreliable. More specifically, defendant claims that he was the only clean-shaven individual in the six-man lineup. The others all had facial hairat least moustaches.
This same issue was previously raised in a writ application to this court in K-5956. This court denied defendant's writ, finding no error in the trial court's denial of defendant's motion to suppress. In State v. Batiste, 482 So.2d 122 (La.App. 4th Cir. 1986), this court refused to review on appeal its prior reversal on a writ application of the trial court's granting of defendant's motion to suppress physical evidence. The court stated, "In the present case, this court has already ruled on the motion to suppress when it reversed the trial court's granting of the motion." Similarly, in the case at bar, this court has already ruled on and rejected defendant's claim that the trial court's denial of his motion to suppress the identification was error. In his writ application defendant had the opportunity to fully brief and present his arguments on this issue. We will not entertain defendant's identical claims a second time and consider this issue moot.

ASSIGNMENT OF ERROR NO. 2
By this assignment defendant contends that the trial court erred by finding him to be a second offender, thereby forcing itself to impose an excessive sentence. As a second offender, defendant was sentenced to serve thirty-three years at hard labor without benefit of parole, probation, suspension of sentence or good time,[2] the minimum sentence he could have received as a second offender for an armed robbery conviction. Specifically, he argues that his prior conviction for unauthorized use of a movable, although a felony, should not have been used as a predicate offense because by doing so, it mandated that the trial court impose an unconstitutionally excessive sentence, one "that shocks the [sense] of justice, and is nothing more than the purposeless and needless imposition of pain and suffering."
In essence, it appears that the defendant is arguing that he should not have been multiple billed in this case because the imposition of even the minimum sentence he could receive as a second offender is excessive with respect to the crime of which he was convicted, armed robbery. In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the defendant was convicted of uttering a bad check and was sentenced to life imprisonment as a multiple offender without benefit of parole. Like his latest conviction, his prior convictions all involved nonviolent crimes. The Court found that his life sentence, although within the statutory guidelines of South Dakota law, violated his Eighth Amendment right against excessive punishment. Noting that a defendant's sentence should be proportionate to the crime, the Court set forth criteria for reviewing a sentence: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem at 292, 103 S.Ct. at 3011. See also State v. Lathers, 444 So.2d 96 (La.1983).
*432 In State ex rel. Walgamotte v. Blackburn, 481 So.2d 1322 (La.1986), the defendant was sentenced as a fourth offender to life imprisonment for possessing stolen things. His prior convictions were for other nonviolent crimes. The Court vacated his life sentence, finding that the sentence was unconstitutionally excessive.[3]
Here, defendant was given the minimum sentence he could have received as a second offender convicted of armed robbery, thirty-three years. Although defendant's prior conviction was for a nonviolent crime (unauthorized use of a movable), his present conviction is for a violent crime, armed robbery committed with a gun, unlike the convictions in Solem (uttering a bad check) and Walgamotte (possession of stolen things).
In addition, it does not appear that the defendant's sentence is one which "shocks the sense of justice" for the type of crime he is convicted of committing. In State v. Shelton, 490 So.2d 515 (La.App. 4th Cir. 1986), the defendant robbed his victim at gunpoint but did not physically harm the victim. His fifty-year sentence as a multiple offender was found to be not excessive. In State v. Mitchell, 480 So.2d 388 (La.App. 4th Cir.1985), the defendant threatened the victim with a knife before robbing him. His fifty-year sentence was upheld. In State v. Joseph, 437 So.2d 280 (La.1983), the defendant robbed a convenience store and then slammed into a police car while trying to escape. Noting that the defendant could have received a life sentence as a fourth offender, the Supreme Court upheld his fifty-year sentence.
Thus, it does not appear that the act of multiple billing the defendant in this case rendered his sentence, the minimum one he could have received, excessive, especially in light of the violent nature of the crime with which he was convicted. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment defendant contends that the trial court erred by ordering that his sentence be served without benefit of good time. He argues that because his case does not fall within the provisions of R.S. 15:571.3 C which prohibit the earning of good time, the trial court did not have the discretion to prohibit his eligibility for good time.
R.S. 15:571.3 C provides:
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery.
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
(j) Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of 14:95.1 which is a felony.
(p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
(q) A violation of the Louisiana controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (g) herein, and
*433 (2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate's last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 8, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
Thus, in the instances listed above, a defendant is ineligible for good time credits. In State v. Williams, 467 So.2d 1293 (La. App. 4th Cir.1985), this court held that even in the absence of the factors listed in R.S. 15:571.3, the trial court had the discretion to prohibit good time eligibility. The court reasoned that prior to the 1977 amendment to R.S. 15:571.3, the trial court had unlimited discretion to deny good time eligibility. Because the 1977 amendment to the statute was addressed merely to situations where the prohibition of good time was mandatory, the court continued, other situations not covered by the statute were still within the discretion of the trial court. Thus, the court concluded, the trial court could deny good time eligibility in cases which did not fall within the mandatory good time prohibition of R.S. 15:571.3.[4]
However, a review of the former provisions of R.S. 15:571.3 reveals that prior enactments of that statute did not grant the trial court unlimited discretion in the prohibition of good time eligibility. The original enactment of the statute merely provided for the earning of good time credits, to be awarded solely at the discretion of the custodian of the prison facility. No discretion of the trial court was mentioned. By its 1964 amendment, the statute was rearranged to include provisions for D.O.C. prisoners in one paragraph and provisions for prisoners in parish prisons in another paragraph. However, the discretion to award good time was still solely within the discretion of the custodian of the facility. Act 739 of 1972 rewrote paragraph B of the statute to its present form, once again merely vesting the discretion to award good time in the custodian.
It is with the 1975 amendments to the statute that the trial court was finally given some discretion in denying good time eligibility. In both Act 727 and Act 478, designated as paragraphs C and D respectively, the statute set out certain instances where the trial court had the discretion to deny good time eligibility. However, in both of these instances, the trial court could merely deny eligibility in certain enumerated instances. The trial court still did not have unlimited discretion to deny good time credit in any case not covered by the statute. Act 633 of 1977 deleted paragraph D (the provisions of 1975's Act 478) and rewrote paragraph C. By subpart (1) of paragraph C, a D.O.C. prisoner who had been convicted one or more times of certain enumerated felonies and had been sentenced as a multiple offender under the provisions of R.S. 15:529.1 on or before September 9, 1977 (the effective date of this amendment) would be ineligible for good time credits if so ordered by the trial court, in keeping with the amendments of 1975. Subpart (2) of paragraph C provided, however, for the mandatory ineligibility for good time credits where a D.O.C. prisoner had been convicted one or more times of certain enumerated felonies and had been sentenced as a multiple offender after September 9, 1977. The 1979 amendment (Act 501) rearranged Paragraph C to its present form (see above), which again carries forth the discretion of the trial court to deny good time eligibility only in the instances first noted in the 1975 amendments to the statute.
Thus, the trial court has only had the discretion to deny good time eligibility in certain enumerated cases. As such, it appears that the defendant is correct in his assertion that the reasoning used in Williams is flawed.[5] Therefore, it appears *434 that because the trial court never had the discretion to deny good time eligibility to prisoners prior to the 1975 amendments to R.S. 15:571.3 and because these amendments and subsequent amendments granted this discretion only in certain enumerated instances, the trial court may only deny good time eligibility in those instances and has no such discretion in any other cases not specifically covered by the statute.
Here, however, it appears that the defendant's situation does fit within the guidelines of R.S. 15:571.3 C. His prior conviction is for armed robbery, fulfilling the requirements of subpart (1). He has also been sentenced as a multiple offender, thereby fulfilling subpart (2). And his last conviction for purposes of the multiple bill (actually both his present crime and his prior conviction) was committed after September 9, 1977, thereby fulfilling subpart (3)(b). Thus, he is not entitled to good time credits under the statute.
Even though defendant is not eligible to earn good time credits, it appears that the trial court erred by expressly denying this eligibility because the court had no authority to award or deny good time. Although it would appear that this prohibition is mere surplusage, one can envision a scenario where this prohibition could harm the defendant. If a sentence is ordered to be served without good time eligibility and R.S. 15:571.3 C is ever amended to allow good time eligibility in instances where it is presently prohibited under that statute, it would seem that any defendant so sentenced would still be ineligible for good time credits. Thus, the trial court's prohibition against good time should be deleted. Because the defendant falls within the statute's provisions, however, D.O.C. must deny him eligibility for good time credits.
For the reasons assigned we affirm the conviction of the defendant. We amend the sentence imposed to delete that portion which specifies that defendant's sentence be served without benefit of good time. In all other respects the sentence is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.

ON REHEARING GRANTED

ORDER
This Court, ex proprio motu, granted a rehearing to allow the Judges of this Court, en banc, to determine whether they approve of this opinion which overrules prior opinions of this Court. By a majority vote, the Judges of this Court have approved this opinion. Accordingly, to the extent that this opinion is in conflict with the holdings of this Court in State v. Williams, 467 So.2d 1293 (La.App. 4th Cir. 1985); State v. Black, 508 So.2d 924 (La. App. 4th Cir.1987); and, State v. Kuykendahl, 526 So.2d 402 (La.App. 4th Cir.1988), those opinions are overruled.
NOTES
[1] Although testimony was taken at trial as to both counts of the bill of information, this summary of the facts pertains only to the robbery of which the appellant was convicted.
[2] See assignment of error three.
[3] See also State ex rel. Short v. Blackburn, 488 So.2d 190 (La.1986), and State ex rel. Bailey v. Maggio, 465 So.2d 726 (La.1985), where the Supreme Court remanded the defendants' cases to the trial court for hearings on the defendants' claims that their life sentences as multiple offenders were unconstitutionally excessive.
[4] See also State v. Black, 508 So.2d 924 (La.App. 4th Cir.1987).
[5] The cases cited in Williams concern the issue of the due process rights in the denial of good time eligibility State v. Hallel, 351 So.2d 97 (La.1977) and the retroactivity of the statute State v. Wilson, 360 So.2d 166 (La.1978), overruled by State v. Curtis, 363 So.2d 1375 (La. 1978) and State ex rel. Goiner v. Dees, 366 So.2d 1353 (La.1978). None of these cases concern the discretion of the trial court to deny good time credits in cases not covered by the provisions of R.S. 15:571.3.