KLEES, Judge.
Defendant appeals the imposition of his sentence without benefit of parole or good time. We amend and affirm.
On February 14, 1989, at approximately 11:25 p.m., Officers Joe Maumus and Dale Athmann were on patrol on North Rampart Street. As they passed the parking lot of the D.H. Holmes Car Care Center in the 200 block of North Rampart, they saw defendant walking in the parking lot. The officers pulled off to the side and observed defendant walking from car to car and looking over his shoulder. Officers Mau-mus and Athmann saw him approach a 1988 maroon Chevrolet and stoop down by the passenger door. The officers then saw him pull out a paper bag from underneath his shirt and remove a long metal object from the bag. When they observed defendant appear to jimmy the lock on the car door, the officers exited their vehicle and came up behind him. They placed defendant under arrest and seized a long metal *83 screwdriver from him. The police report noted no damage to the car, but Officer Maumus testified there appeared to be some scratches on the lock.
Defendant was convicted of attempted simple burglary. The trial court adjudicated defendant a second offender and sentenced him to eight years at hard labor without benefit of parole, probation, suspension of sentence or good time.
In his assignment of error, defendant complains that the trial court erred in imposing sentence without benefit of parole or good time based on State v. Melancon, 536 So.2d 430 (La.App. 4th Cir. 1988). He argues that the trial court lacked the authority to deny him either parole or good time.
Defendant’s adjudication as a second offender was based on a 1988 guilty plea to attempted forcible rape. Defendant had numerous other convictions, including at least three felonies, both as a juvenile and an adult going back to 1955.
R.S. 15:571.3 provides, in part:
B. Every inmate in the custody of the Department of Corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn a diminution of sentence by good behavior and performance of work or self improvement activities or both to be known as “good time.” ...
The director of corrections shall establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence.
C. Diminution of sentence shall not be allowed an inmate in the custody of the
Department of Correction if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(f) Forcible rape
(j) Simple burglary
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual
Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
Defendant clearly falls within the purview of this statute.
State v. Melancon, supra, reviewed the legislative history of R.S. 15:571.3 and noted that the trial court only had the discretion to deny good time in certain enumerated cases and not in those not specifically covered by the statute. After finding the defendant ineligible for good time under the statute, this court stated:
Even though defendant is not eligible to earn good time credits, it appears that the trial court erred by expressly denying this eligibility because the court had no authority to award or deny good time. Although it would appear that this prohibition is mere surplusage, one can envision a scenario where this prohibition could harm the defendant. If a sentence is ordered to be served without good time eligibility and R.S. 15:571.3 C is ever amended to allow good time eligibility in instances where it is presently prohibited under that statute, it would seem that any defendant so sentenced would still be ineligible for good time credits. Thus, the trial court’s prohibition against good time should be deleted. Because the defendant falls within the statute’s provisions, however, D.O.C. must deny him eligibility for good time credits. Id., 536 So.2d at 434.
This court deleted that portion of the defendant’s sentence denying him good time eligibility.
In its brief, the State asks that Melan-con be reconsidered and argues that defendant has suffered no injury from the “mere surplusage” denying good time since the *84 scenario envisioned in Melancon has yet to materialize. The State further argues that R.S. 15:571.3 contains no mention as to who may deny good time, and thus the sheriff or director of corrections may award good time but cannot deny it. The State also asserts that the prohibition against good time eligibility for defendants who fall within Subsection C of the statute is not unlike the prohibition against probation or suspension of sentence under the Habitual Offender Law (R.S. 15:529.1 G). The State admits that the trial court lacks the authority to grant good time but contends it is not expressly prohibited from denying good time. Finally, the State suggests that the appropriate remedy is a suit filed pursuant to R.S. 15:571.15 in East Baton Rouge Parish relative to computation of sentence. The State does not address the issue of denial of parole eligibility.
None of the State’s arguments for overruling Melancon appear to be particularly compelling. The argument that although the sheriff or director of corrections has the authority to grant good time neither has the authority to deny it while the trial court has the authority to deny it but not to grant it is faulty. Clearly, the power to grant good time must include the power to deny, otherwise the sheriff or director of corrections would be required to grant good time in every case. That is not the intent of the statute. Additionally, the prohibition against probation or suspension of sentence under La.R.S. 15:529.1 G is different from the prohibition against good time under La.R.S. 15:571.3 for certain classes of defendants. La.R.S. 15:529.1 deals with sentencing guidelines for the trial court once it has adjudicated a defendant as a multiple offender. R.S. 15:571.3 deals with the authority of the sheriff and the director of corrections as to when they can and cannot grant good time. The trial court erred in imposing sentence without benefit of good time; thus that portion of the sentence should be deleted.
Defendant also complains that the trial court erred in imposing sentence without benefit of parole. R.S. 14:27, 14:62 does not prohibit parole; however, under R.S. 15:574.4, defendant is ineligible for parole because he is a second offender and has prior felony convictions. Since the substantive statute under which defendant was convicted does not prohibit parole eligibility, the trial court lacked the authority to impose sentence without benefit of parole. That authority belongs to the Department of Corrections under R.S. 15:574.4, which sets forth the guidelines to be used in determining if parole is appropriate. See State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989); State v. Solid, 529 So.2d 108 (La.App. 4th Cir.1988).
Accordingly, the judgment of the trial court is amended to delete the portion of such judgment imposing defendant’s sentence without benefit of parole or good time and, as amended, affirmed.
AMENDED AND AFFIRMED.