ARMSTRONG, Judge.
Defendant John E. Forest was charged by bill of information with a violation of LSA-R.S. 14:62, simple burglary. At trial a six-member jury found him guilty as charged. Pursuant to a multiple bill filed by the State, the defendant was found to be a multiple offender and sentenced to six years at hard labor without benefit of good time. On appeal defense counsel asks this court to review the record for errors patent and argues that the trial court erred in imposing his sentence without benefit of good time. The defendant has submitted a pro se brief in which he maintains that the officer who arrested him did not conduct his interrogation within the scope of a proper investigatory stop and that he had ineffective counsel at trial. We find merit in the argument that the denial of good time was inappropriate.
At trial NOPD Captain Milton Bradford testified that he was working on October 21, 1989, about 9:30 A.M. at a computer by the window in his office at police headquarters on Broad St. Glancing out the window at the roof parking lot of police headquarters, he observed three trustees from Parish Prison cleaning the parking lot. While he was watching, one of the men suddenly bent down, picked up a coat hanger, and began breaking into a car. Bradford saw the defendant take a baseball jersey from the blue Beetle Volkswagen and show it to the other two trustees; then he began ransacking the vehicle. At that the officer told his coworkers to call a police unit, and he went to the roof top. When he got off the elevator, he saw the defendant walking toward the other trustees holding his hand out and saying, “Look what I have.” (Trial transcript, p. 7). The officer found sixty-five cents in the defendant’s hand.
NOPD Detective Cynthia Patterson testified that on October 21, 1989, when she arrived for work at police headquarters, she parked and locked her 1969 Volkswagen Beetle on the roof level of the parking lot. When she returned to her car, she found the glove compartment had been opened, change had been removed, and papers were strewn on the floor.
There was a stipulation that Officer Frischhertz, who responded to Officer Bradford’s call, retrieved the coat hanger and placed it in the evidence room.
Defendant argues that the trial court erred in denying him good time when he was sentenced to six years under LSA-R.S. 14:62 and 15:529.1. We agree. In State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988), this court held that the trial court did not have discretion to prohibit eligibility for good time. The Department of Corrections has authority to determine eligibility for good time pursuant to R.S. 15:571.3(C).
Counsel has also asked for a review of the record for errors patent. As per State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:62 and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the *848 trial transcript reveals that the State proved every essential element of simple burglary beyond a reasonable doubt. Our review reveals that the trial court erred in imposing the sentence without benefit of good time.
In his pro se brief, the defendant argues that he was not informed by Officer Bradford of the reason for his arrest, of Officer Bradford’s authority to make the arrest, or of the cause of the arrest as mandated by the first paragraph of C.Cr.P. art. 218. However, paragraph two of art. 218 states that an officer is not required to so inform the person being arrested if that person is engaged in the commission of an offense or is pursued immediately thereafter. Officer Bradford observed from his window the defendant breaking into an automobile of an elevated parking lot. By the time the officer arrived in the parking lot, the defendant was showing other trustees the money he had taken from the car. Officer Bradford arrested him and informed him of his Miranda rights. Obviously, the defendant’s arrest falls under paragraph two of art. 218, because Officer Bradford witnessed the crime.
As part of this assignment of error, the defendant further contends that the Miranda warnings are properly given prior to any questioning, and he notes that Officer Bradford interrogated him, arrested him, and then gave him his Miranda rights. According to the trial transcript, the only colloquy between the defendant and the officer occurred when the officer walked onto the parking floor. The defendant, with his hands outstretched and his back to the officer, was saying to the two other trustees, “Look what I have.” (Trial transcript, p. 7). The officer then said, “Why don’t you show me what you have?” This exchange hardly amounts to an interrogation. This assignment of error is without merit.
The defendant next argues that his court-appointed counsel was ineffective. To substantiate a claim of ineffective assistance of counsel, the defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant under the two-tiered test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Wallace, 533 So.2d 102 (La.App. 4th Cir.1988), writ denied, 538 So.2d 608 (La.1989). The prejudiced alleged must be so great that it resulted in the guilty verdict. State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir.1986).
The defendant claims that his attorney did not make the Court aware of his witnesses, build a strategy plan, or advocate in his best interest. This claim is not convincing. The record indicates that the attorney used six challenges during voir dire for jury selection. She competently cross-examined the officer and the owner of the car — the only witnesses at the trial and made several objections during the trial. Moreover, the evidence against the defendant was substantial. The officer saw him breaking into the car and heard him say, “Look what I have,” as he showed the money he had taken. Based on the overwhelming evidence, we cannot say that the defendant demonstrated a specific showing of actual prejudice because of his attorney’s performance. Any error did not deprive the defendant of a fair trial and an appeal.
Accordingly, the defendant’s conviction is affirmed, and his sentence is amended to delete the restrictions on good time.
CONVICTION AFFIRMED, SENTENCE AMENDED.