454 So.2d 1216 (1984)
STATE of Louisiana, Appellee,
v.
Tammy Lynn TAYLOR, Appellant.
No. 16193-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
*1217 Lee E. Ineichen, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty. by Joseph T. Mickel, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
After a bench trial the defendant, Tammy Lynn Taylor, was found guilty of possession *1218 of a controlled dangerous substance (R.S. 40:967) and sentenced to imprisonment at hard labor for five years. The defendant appealed, relying upon four assignments of error.
Factual Context
At about 10:00 o'clock P.M. on March 21, 1983, Deputy Benton of the Ouachita Parish Sheriff's office was driving in a rural area of Ouachita Parish when he noticed an oncoming vehicle being operated in an erratic manner. Benton turned his car around, pursued and stopped the other vehicle. After observing the driver, Tammy Lynn Taylor, and giving her a field sobriety test, Deputy Benton arrested Mrs. Taylor for driving under the influence of an intoxicating liquor.
Mrs. Taylor did not possess a valid driver's license. When Deputy Benton attempted to ascertain whether she had someone who could come for her vehicle, Mrs. Taylor identified herself by seven or eight different names and gave several different false addresses and telephone numbers. Deputy Benton then decided to call for a tow truck to remove the Taylor vehicle from the scene. He proceeded to place Mrs. Taylor, along with her purse, in his patrol car and took the defendant to the parish jail. While seated on the rear seat of the patrol car, Mrs. Taylor mentioned to Benton that her purse, which he had placed on the front seat, contained valuables.
Upon arrival at the parish jail, Deputy Benton contacted Sgt. Worley and advised him of the situation. In the meantime, an inventory search of the vehicle driven by Mrs. Taylor revealed that it was stolen.
In connection with the booking of the defendant, Sgt. Worley searched her purse and found therein several Phentermine capsules. This prosecution followed.

Assignments of Error Numbers 1 and 2
Defendant contends in these two assignments that the trial court erred in failing to sustain her motion to suppress since the warrantless search of her purse was unconstitutional.
In State v. Duplantis, 388 So.2d 751 (La.1980), the defendant, during the course of his booking, was required to surrender his wallet and other personal belongings. In searching the wallet the booking officer found a controlled dangerous substance. Defendant's motion to suppress was overruled by the trial court. On appeal, our Supreme Court commented:
"The confiscation of an arrestee's property at the time he is booked on a charge is authorized under Louisiana law. In State v. Taylor, 347 So.2d 172, 179 (1977), this Court rejected the argument that a search of a notebook surrendered at the time of the booking was unlawful because done without a warrant. There the Court noted that the surrender of personal effects and inventory search at the time of booking are designed to protect the arrestee's property, the security of his incarceration, and the personal safety of those who come in contact with him. Furthermore, Article 228 of the Code of Criminal Procedure requires that such surrender be made. That article provides that as part of the routine booking procedure a list of any property taken from the defendant shall be entered in a book together with his name, address, the offense charged against him, by whom he was arrested and the date and the time of the booking."
Also see South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
In this case the search of defendant's purse was conducted in connection with her booking and was clearly authorized to be done pursuant to Article 228 without a search warrant. She had insisted that the purse contained valuables. It was essential that they be inventoried, both for the defendant's protection and for that of the officers.
For the stated reasons these assignments are without merit.

Assignment of Error No. 3
Defendant asserts that, at a pre-sentence hearing to determine if she had been convicted *1219 in Texas under another name, the trial judge erroneously admitted into evidence certain documents which constituted hearsay evidence.
The pre-sentence report filed in this case indicated that the defendant had a prior conviction in Texas, under the name of Theresa Joyce Pendergrass, for delivery of a controlled dangerous substance and was currently on probation for that conviction. She denied this before the trial court. Therefore, the trial judge ordered a hearing to resolve this issue.
At the hearing a number of certified documents from the Texas court, along with related correspondence from Texas authorities, were received in evidence. Many of those documents contained the fingerprints of Theresa Joyce Pendergrass. Expert testimony adduced at the hearing established that the fingerprints of defendant were the same as those of Pendergrass.
In complying with La.C.Cr.P. Article 894.1, it was essential that the trial court have accurate information concerning the defendant's prior criminal record. The hearing in question was held to afford defendant an opportunity to refute alleged incorrect assertions. It is axiomatic that the sources of information from which a sentencing court may draw are extensive and that traditional rules of evidence are not bars to the consideration of otherwise relevant information. State v. Washington, 414 So.2d 313 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980).
For these reasons the trial judge did not err in admitting into evidence the documents in question at the pre-sentence hearing.
This assignment lacks merit.

Assignment of Error No. 4
Defendant complains that the imposition of the maximum imposable sentence is excessive.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits. Such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
In this case the record shows that the trial judge adequately complied with Article 894.1. Among other things he noted that the defendant had gone to extremes to conceal her true identity; was in possession of a stolen vehicle; had a prior felony drug conviction and was on probation when arrested; and was obviously in need of protracted correctional treatment.
Under the circumstances we do not consider that the sentence imposed, though the maximum, was out of proportion to the seriousness of the offense or constituted a needless and purposeless imposition of pain and suffering.
This assignment is without merit.
Decree
Defendant's conviction and sentence are affirmed.