490 So.2d 622 (1986)
STATE of Louisiana, Appellee,
v.
Richard O. GOODEN, Appellant.
STATE of Louisiana, Appellee,
v.
Howard P. PARETTE, Jr., Appellant.
Nos. 17824-KA, 17835-KA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
Rehearing Denied July 30, 1986.
Howard P. Parette, Jr., in pro. per.
Indigent Defender Officer by John L. Sheehan, Ruston, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
*623 Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Howard Phillip Parette, Jr., was originally charged in the same bill of information with his codefendant, Richard O. Gooden, with possession of marijuana in an amount greater than one hundred pounds but less than two thousand pounds, a violation of LSA-R.S. 40:966(E)(1). Each defendant separately entered a plea of guilty to the reduced charged of possession of marijuana with intent to distribute without specification as to amount, a violation of LSA-R.S. 40:966(A)(1). The pleas were taken before separate divisions of the Third Judicial District Court. A common sentencing hearing was held with the judges before whom the defendants entered pleas of guilty sitting en banc. Parette was sentenced to serve nine years at hard labor and pay a fine of $15,000 with one year in jail to be served in lieu of payment of the fine. On July 3, 1985, Parette was granted an out of time appeal and allowed to proceed without counsel according to his wishes expressed in a "Notice of Intent to File an Appeal" filed with the Third Judicial District Court. Gooden received the same sentence as Parette and was also granted an out of time appeal. Due to a showing of indigency made since the entry of the guilty plea, the Indigent Defender's Office was appointed to represent him on appeal. However, Gooden informed this court of his wish to proceed without counsel on this appeal and rejects the appeal filed on his behalf by the Indigent Defender's Office. For reasons stated below, we affirm the sentence imposed upon Parette and have ordered a hearing regarding Gooden's case before the Third Judicial District Court to properly determine the status of his appeal.
In January, 1984, investigators of the Lincoln Parish Narcotics Strike Force received information that a college professor named "Phil" was selling marijuana in the Lincoln Parish area. Pursuant to this investigation an informant with the Lincoln Parish Narcotics Strike Force was able to make two purchases of marijuana from the defendant, Parette, then an assistant professor at Louisiana Tech University. A search warrant for the Parette home in Lincoln Parish was executed on February 19, 1985. In Parette's bedroom two plastic bags containing marijuana were recovered as well as a set of triple beam scales customarily used to weigh marijuana. Additional bags containing marijuana gleanings were also recovered from Parette's bedroom. Marked money was recovered from Parette's person. These funds were used by a confidential informant to purchase marijuana a short time prior to the search.
Parette's cousin, Richard Gooden, kept some of his property at Parette's house and was an overnight guest there on the date the search warrant was executed. Several bags containing marijuana gleanings were recovered from Gooden's bedroom as well as several police scanners and guns. Also found in Gooden's room was a pair of green coveralls containing keys to Gooden's van, parked outside the house, and to the basement of Parette's house. The basement and van were searched and large quantities of marijuana were recovered. The total amount of marijuana found in the house and van was approximately 237 pounds. Also recovered were extensive financial records belonging to Parette which indicated Parette owned a farm in Mayflower, Arkansas on which the marijuana was grown. Gooden and Parette were originally charged with possession of marijuana with intent to distribute, in quantities greater than one hundred pounds but less than two thousand pounds, a violation of LSA-R.S. 40:966(E)(1).
On April 12, 1985, Parette entered a plea of guilty to the lesser charge of possession of marijuana with intent to distribute, without specification of amount, a violation of LSA-R.S. 40:966(A)(1).
A common sentencing hearing was held for both defendants on May 7, 1985 with the judges before whom the defendants entered guilty pleas sitting en banc. At this hearing it was learned that Parette *624 held a Ph.D. in education and was employed as an assistant professor of behavioral sciences at Louisiana Tech University. Parette was a specialist in preschool special education and had done extensive research in that field. The defendants presented testimony at the sentencing hearing indicating that Parette signed the papers to buy the farm in Arkansas because Gooden and another individual could not obtain financing but that Parette was not actually paying the mortgage notes with his own funds, nor had he visited the farm on more than two or three occasions in several years. Both defendants contended Gooden stayed at the farm in Arkansas and was cultivating the marijuana without the knowledge of Parette and that Parette was unaware of the presence of marijuana in the basement of his house or in Gooden's van, parked in Parette's yard. Gooden testified he brought a load of approximately 200 pounds of marijuana from the Arkansas farm to Ruston, Louisiana in his van, contending he intended to sell the marijuana to someone in Pine Bluff, Arkansas, but was unable to make contact. He then drove to Parette's house in Ruston, Louisiana and attempted to hide the marijuana from Parette in the basement of Parette's house while Parette was away at school. Gooden claimed he was unable to transfer all the marijuana from the van to the house because Parette returned home. Gooden claimed he brought the guns and police scanners to Parette's house for safekeeping, and that this was the first time he had brought these items to Parette's house.
Parette admitted that he was a "social user" of marijuana, had sold the drug on several occasions and had given it away on numerous occasions. Parette admitted relaying messages from a known drug dealer in Alabama to Gooden but denied any participation in their dealings.
Financial records recovered from Parette's house were introduced at the hearing. These records indicated that Parette was involved in renovation of the farm in Arkansas and indicated that his total yearly expenditures were far in excess of his salary as an assistant professor at Louisiana Tech and that both defendants were large scale cultivators of marijuana for profit.
The sentencing court did not believe that Parette was unaware of the marijuana cultivation operation. Parette was sentenced to serve nine years in jail, ordered to pay a fine of $15,000 and ordered to serve an additional year in jail in default of payment of the fine. Parette then appealed claiming the sentence to be excessive.
In determining whether sentences are unconstitutionally excessive, we note that it is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
A sentence is unconstitutionally excessive in violation of La. Const. of 1974 Art. 1 § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
*625 With these principles in mind, we review the assignments of error relied upon by the defendant, Howard Phillip Parette, Jr.

PARETTE'S APPEAL
Parette urges three assignments of error, all of which allege in essence that his sentence was unconstitutionally excessive. Parette alleges that the trial court, in imposing sentence, should not have considered the large amount of marijuana recovered from his residence because, he argues, there was not sufficient evidence of his involvement with marijuana cultivation on the farm in Arkansas or his knowledge of the existence of marijuana in the basement of his house. He also alleges that the trial court should not have considered the charges for marijuana cultivation pending against him in Arkansas, nor should it have considered the fact that he frequently used marijuana. Parette contends the trial court should not have considered the fact that he shared marijuana with others or the fact that the marijuana cultivation in Arkansas was an ongoing operation. Parette also contends the trial court erred in considering the leniency afforded him by the plea agreement and also testimony regarding discussions with a confidential informant about distribution of cocaine. All of Parette's contentions are meritless.
A sentencing hearing was held at which evidence was adduced indicating Parette had knowledge of marijuana cultivation in Arkansas. Gas station receipts indicated numerous trips to Arkansas, Parette's name appeared on receipts for materials to improve the farm and Parette's financial records indicate his yearly expenditures were far in excess of what he earned in his teaching position at Louisiana Tech. Parette admitted having sold marijuana on several occasions. A letter was introduced into evidence written by Parette on Louisiana Tech stationary and sent to Gooden to secure marijuana for another individual. Parette's telephone toll records reflect numerous calls made to a drug dealer in Alabama. Parette was charged with cultivation of marijuana in an Arkansas court.[1] All these factors indicate Parette was heavily involved in drug production and trade and were aggravating factors considered by the sentencing court in compliance with LSA-C.Cr.P. Art. 894.1.
Even though this is Parette's first felony conviction, the sentencing court properly considered his extensive criminal activity and the drug trafficking in which he was involved. A sentencing court in determining appropriate punishment for a particular defendant may consider prior criminal activity and such is not limited to convictions. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La. 1984). Also the sources of information upon which a sentencing court may rely are extensive and traditional rules of evidence are not bars to otherwise relevant evidence. State v. Washington, 414 So.2d 313 (La.1982); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Taylor, 454 So.2d 1216 (La.App. 2d Cir.1984).
In addition the trial court was correct in considering the benefit Parette received in his plea bargain agreement. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984). Parette was originally charged with possession of marijuana with intent to distribute an amount more than one hundred pounds but less than two thousand pounds, in violation of LSA-R.S. 40:966(E)(1). The penalty for this offense is imprisonment at hard labor for not less than five years nor more than fifteen years and a fine of not less than $25,000 nor more than $50,000. Parette was allowed to plead guilty to the lesser offense of possession of marijuana with intent to distribute in an unspecified amount. LSA-R.S. 40:966(A)(1). No minimum penalty is specified under this statute and the maximum penalty is imprisonment at hard labor for not more than ten years and a fine of not more than $15,000. Therefore, the defendant faced significantly *626 less exposure to incarceration and fine by pleading guilty to this lesser offense. In addition, in exchange for Parette's guilty plea, he was not charged with two additional counts of distribution of marijuana, each carrying potential exposure of imprisonment at hard labor for ten years and a fine of $15,000.
Parette argues he should have been given a probated sentence rather than very nearly the maximum penalty due to his lack of a prior conviction and because of his extensive contribution to the field of special education. These factors were considered by the trial court. However, the sentencing hearing and sentencing transcript indicate Parette's offense was a serious violation of the statute, warranting severe punishment. Generally maximum sentences are imposed only upon the worst offenders for the worst offenses. However, this rule does not apply when a defendant pleads guilty to an offense that does not adequately describe his conduct. In such a situation a sentencing court has wide discretion to impose a maximum sentence particularly when a significant reduction in potential exposure to confinement has been obtained through plea bargaining. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Richardson, supra; State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984). Such was the situation in the present case and the sentencing court did not abuse its discretion in the sentence imposed upon Parette.

GOODEN'S APPEAL
As to Gooden, an appeal was filed on his behalf by the Indigent Defender's Office urging the sentence imposed upon him was excessive. Following submission of this case for decision, Gooden filed several "notices" with this court complaining that he desires to appeal without counsel and that he has not authorized the appeal filed on his behalf by the Indigent Defender's Office. In order to properly determine the status of his appeal, we have directed the sentencing court to hold a hearing to determine whether Gooden shall proceed pro se or with appointed counsel, and to allow Gooden an opportunity to make an informed and intelligent decision to continue this appeal or to dismiss it. Therefore, we enter no decision regarding Gooden at this time.

CONCLUSION
For the above stated reasons, the sentence imposed on the defendant, Howard Phillip Parette, Jr., is affirmed. That portion of the case dealing with the appeal of the defendant, Richard O. Gooden, has been returned to the sentencing court for a hearing to determine the status of this appeal.
AFFIRMED IN PART, NOT CONSIDERED IN PART, AND REMANDED IN PART.
NOTES
[1] Parette subsequently entered a plea of guilty to this charge before the Arkansas court on February 17, 1986.