KING, Judge.
The issues raised by this appeal are whether or not the trial judge erred in *66 denying the defendant a probated sentence as a first offender and whether the sentence imposed was excessive.
On January 18, 1988, Carlos Pattillo (hereinafter defendant), pled guilty to one count of distribution of a Schedule I controlled dangerous substance, marijuana, in violation of La.R.S. 40:966(A)(1). On March 17, 1988, defendant was sentenced to serve six years at hard labor. Defendant appeals contending that the trial judge failed to consider mitigating factors, and erred in sentencing him to an excessive sentence. We affirm.
PACTS
On August 2, 1987, James McComic, an undercover police officer, met with the defendant at the intersection of Highway 191 and 9, in Sabine Parish, west of Many, Louisiana. This meeting had been arranged by an informant. McCormic arrived, met with defendant, and then purchased four, one-half ounce bags of marijuana, after which he arrested defendant. Officer McCormic also discovered methamphetamine and a pistol in defendant’s possession when he was searched after his arrest.
Defendant was charged with two counts of violating La.R.S. 40:966(A)(1) (distribution of marijuana and possession with intent to distribute marijuana), and one count of violation R.S. 40:967(C) (possession of methamphetamine). Pursuant to a plea bargain, defendant entered a plea of guilty to the count of distributing marijuana and the other charges against him were dismissed. Defendant was sentenced to serve six years at hard labor. Defendant timely appeals urging three assignments of error.
ASSIGNMENT OP ERROR NUMBER 1
By this assignment of error, defendant argues that the trial court erred in denying him bail pending appeal. Defendant has failed to brief this issue. Assignments of error which are not briefed are considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Dewey, 408 So.2d 1255 (La.1982).
ASSIGNMENTS OF ERROR NUMBERS 2 AND 3
Defendant argues that the trial court failed to adequately follow the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1. Specifically, he alleges that the trial court failed to consider several mitigating factors which, had they been considered, should have led to his receiving a probated sentence.
The trial judge is required to state for the record both the considerations he has taken into account and their factual basis for imposition of sentence. La.C.Cr.P. Art. 894.1; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The trial court does not have to state every aggravating and mitigating factor, but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
Important items which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand, 508 So.2d 915 (La.App. 4 Cir.1987); State v. Ezernack, 408 So.2d 907 (La.1981).
In this case, the trial judge more than adequately complied with La.C.Cr.P. Art. 894.1. At the sentencing hearing, the trial court heard numerous witnesses presented on behalf of the defendant. Roland Cleveland, Arthur Brown, Helen Pattillo, and Howard Pattillo, friends and family members of defendant, appeared as witnesses for the defendant and testified that they knew him as a good person, were surprised by his criminal conduct, and felt he was a good probationary risk. The defense also presented several police officers who testified that, to the best of their knowledge, defendant had never been in trouble with the law before.
The trial court considered defendant’s personal circumstances. The court con *67 sidered that defendant was a youthful first offender, married, and in good health. The court also considered that defendant had a high school education and a steady employment history.
The court next applied the criteria set forth in La.C.Cr.P. Art. 894.1 to the facts in this case. The court sentenced the defendant to imprisonment because it concluded defendant needed correctional treatment in a custodial environment. The trial court specifically stated that defendant was not incarcerated because of the likelihood of recidivism. The court found defendant’s conduct unprovoked and unjustified. The court concluded that the distribution of drugs posed a threat to society, and the fact that defendant was armed when arrested, posed a threat to the police. The trial court considered defendant’s first offender status as a mitigating factor. The court found that defendant admitted using marijuana over the past two years and, implicit in this admission, that defendant had violated the law in the past. The court also determined there was no evidence to support a finding that defendant’s incarceration would cause a hardship on his wife and child.[1] It was noted that defendant’s wife is gainfully employed and that his parents are fairly young and they would help defendant’s wife and child if defendant was imprisoned.
The trial court considered the fact that defendant benefited from being allowed to plea bargain and that his sentence exposure was lessened from a maximum of twenty-five years imprisonment, and a $15,-000.00 fine, to a maximum of ten years imprisonment, and a $5,000.00 fine. The trial judge also noted that the legislature had recently increased the punishment for distributing marijuana and that defendant had committed his crime just 29 days prior to the effective date of the increased punishment.
We find no merit in the assignment of error that the trial court did not comply with the sentencing guidelines of La.C. Cr.P. Art. 894.1.
Defendant next complains that his sentence is excessive and that he should have received a probated sentence. A sentence is unconstitutionally excessive and in violation of Art. I § 20 of the 1974 Louisiana Constitution if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980). Even sentences which are within statutory limits may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
Defendant received a six year sentence for his crime which is in the mid-range of the possible sentence. As observed by the trial court, defendant benefited from being permitted to plea bargain, which significantly reduced his sentence exposure. State v. Lanclos, 419 So.2d 475 (La.1982).
As previously noted, defendant was in possession of a pistol when he was arrested. The fact that defendant was armed posed a danger to police, his wife (who was arrested with him), and himself.
Defendant points to several cases where first offenders convicted of the same crime as he received a lesser sentence. These cases can all be distinguished on their facts and the learned trial judge who has full discretion in sentencing found them to be inapposite. We have reviewed these cases and are in agreement with his finding. Moreover, the Louisiana jurisprudence also reveals several cases where first time offenders convicted of similar crimes received sentences comparable to the one imposed on the defendant.[2] The whole pur *68 pose of the sentencing guidelines is to insure a sentence tailored to the defendant. There is no requirement of law that all first offenders convicted of the same crime receive the same sentence.
In view of the fact that the trial court adequately complied with Art. 894.1 and considering the aggravating factors presented in the record, we conclude that the trial judge did not abuse his discretion in sentencing defendant to serve six years at hard labor.
For the reasons assigned, the judgment of the, trial court is affirmed.
AFFIRMED.

. The trial judge noted defendant’s wife had become pregnant after his arrest and arraignment, inferentially raising the question of whether defendant and his wife had conceived a child to avoid or lessen the punishment for the instant offense.

. State v. Whortor, 440 So.2d 858 (La.App. 2 Cir.1983); five years and $1,500.00 fine; State v. Patterson, 432 So.2d 1021 (La.App. 1 Cir.1983), five years; State v. Gooden, 490 So.2d 622 (La.App. 2 Cir.1986), nine year sentence upheld even though defendant was a first felony offender because defendant was involved in drugs for some period of time and benefited from plea bargain; State v. Aspin, 449 So.2d 49 (La.App. 1 Cir.1984), five years.