548 So.2d 1276 (1989)
STATE of Louisiana
v.
Joseph M. KNIGHT.
No. KA-8204.
Court of Appeal of Louisiana, Fourth Circuit.
August 24, 1989.
Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BARRY, LOBRANO and BECKER, JJ.
BARRY, Judge.
The defendant was convicted[1] of attempted distribution of cocaine, La.R.S. 40:967 (14:27), and sentenced as a second offender to seven years at hard labor without benefit of probation, parole or good time. The conviction is affirmed; the sentence must be amended to delete the denial of parole eligibility.
On November 17, 1986 Officer Glasser (undercover) went to 5427 Marais Street to buy cocaine while other undercover officers were positioned in the area. Officer Glasser met the defendant and paid him $50 for a half gram bag of cocaine.
The defendant left, returned about twenty minutes later, and told Officer Glasser to go around the corner and park by the service station. The officer met the defendant and a second man identified as Vernon Lation who gave the officer the bag of cocaine. The defendant and Lation stated that Glasser could make additional purchases. Glasser left and made a field test which showed that the substance was cocaine. The defendant was arrested two weeks later. At trial Officer Glasser identified the foil and cocaine.
It was jointly stipulated that N.O.P.D. criminalist John Palm would testify that on November 18, 1986 he received a foil paper containing a white powder substance which tested positive for cocaine.
The defendant was sentenced to seven years at hard labor without benefit of probation, parole or good time. La.R.S. 40:967 B(1) mandates a sentence at hard labor of *1277 not less than five nor more than thirty years for distribution of cocaine. For attempted distribution the sentence can not exceed one-half the longest term prescribed, fifteen years, and in the same manner as for the offense. La.R.S. 14:27 D(3).
The defendant concedes that the court could not have granted probation to him as a second offender under La.C.Cr.P. art. 893. The defendant also concedes that his ineligibility for good time is determined by La.R.S. 15:571.3 C.
In his only assignment the defendant argues that the trial court erred by denying parole eligibility.[2] He contends that his two prior felony convictions (two guilty pleas entered on same day) should be treated as one conviction under La.R.S. 15:574.4 A(1) which provides:
A person, otherwise eligible for parole, convicted of a first felony offense and committed to the Department of Public Safety and Corrections shall be eligible for parole consideration upon serving one-third of the sentence imposed; upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed. A person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole.
Whether the prior convictions should be treated as one or two felonies is irrelevant. The substantive criminal statutes do not mandate parole ineligibility. The trial court had no authority under La.R.S. 15:474.4 to grant or to deny parole eligibility. State v. Solid, 529 So.2d 108 (La.App. 4th Cir.1988). That statute is part of the section on guidelines to be utilized by the Department of Corrections when determining if parole and good time are appropriate. See State v. Melancon, 536 So.2d 430 (La. App. 4th Cir.1988).
We have reviewed the record for errors patent and there are none.
The defendant's conviction is affirmed. The sentence is amended to delete the denial of parole eligibility, and as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] The defendant was charged in the same bill of information with Vernon Lation who pleaded guilty to the original charge of distribution of cocaine and received a five year sentence.
[2] The defendant's motion to file a supplemental pro se brief was granted on August 24, 1988. The supplemental brief was not filed.