GARRISON, Judge.
Defendant Luke Galt was charged by bill of information on February 17, 1989 with a violation of La.R.S. 40:966, possession of LSD. At his arraignment on February 24, 1989, he pled not guilty. However, at a hearing on March 22, 1989, Defendant Galt changed his plea to guilty. At his multiple bill sentencing hearing, on July 28,1989, he was sentenced to serve three and one-third years without benefit of good time and without benefit of parole until half the sentence is served. Moreover, Mr. Galt was ordered to pay court costs of $159.00 or to serve an additional thirty days in jail. Defendant appeals, arguing that the trial court erred in imposing an illegal and unconstitutional sentence.
The defendant maintains that the trial court erred by ordering his sentence be served without benefit of good time. He cites State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988) for the proposition that the trial court did not have discretion to prohibit his eligibility for good time. We agree. In Melancon, we declared that the Department of Corrections, not the trial judge, has authority to determine eligibility for good time pursuant to R.S. 15:571.3(C).
Defendant also argues that a restriction on his parole eligibility should not be part of his sentence. This court has held that parole eligibility is determined by the Department of Corrections pursuant to La.R.S. 15:574.4. State v. Solid, 529 So.2d *1326 108 (La.App. 4th Cir.1988); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989); State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989).
A review of the record also reveals that the defendant was illegally sentenced to pay costs or serve additional jail time. During the course of his court proceedings Mr. Galt was represented by OIDP, indicating that he is indigent. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). The defendant cannot be required to serve additional jail time in lieu of paying a fine or costs after a showing of indigency. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986); State v. Barnes, 495 So.2d 310 (La.App. 4th Cir.1986); State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988).
Thus, the defendant’s assignments of error have merit. The sentence imposed is amended to delete (1) the restrictions on good time eligibility, (2) the restrictions on parole eligibility and (3) the requirement that defendant pay costs or serve additional time in jail. In all other respects the sentence is affirmed.
SENTENCE AMENDED.