GOTHARD, Judge.
This appeal is from a sentence of 12 years at hard labor for simple burglary.
The State charged the defendant, Andre Goff, by bill of information filed on November 19, 1990, with aggravated burglary in violation of LSA-R.S. 14:60. The defendant entered a plea of not guilty at arraignment on November 19, 1990. The defendant filed a motion for sanity commission on March 8, 1991, and the judge ordered a hearing for March 18. At that hearing, the defendant was re-arraigned and entered a plea of not guilty and not guilty by reason of insanity. The judge ordered the sanity hearing continued until May 20, 1991, at which time he continued the motion a second time. Thereafter, on June 17, 1991, the defendant withdrew his previous plea of not guilty and not guilty by reason of insanity and pled guilty to the amended charge of simple burglary in violation of LSA-R.S. 14:62. The trial court ordered a pre-sentence investigation report and on February 11,1992, sentenced the defendant to serve the maximum sentence of 12 years at hard labor with an allowance for credit for time served.

Assignment of Error:

The trial court erred in imposing a constitutionally excessive sentence.
The Code of Criminal Procedure was amended by Acts 1991, No. 38, § 1, effective January 30, 1992, to add the following requirement for seeking revision of a sentence:
Art. 881.1. Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement or execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
*1069 Part (D) makes it plain that filing the motion to reconsider sentence is a condition precedent for claiming excessiveness on appeal. This court is without jurisdiction to consider the defendant’s claim, as he failed to file such a motion. However, we are obliged to examine the record for errors patent.

Error Patent Review

Our review of the record determined that before accepting the defendant’s guilty plea the court had adhered to the rules set out in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge advised the defendant of the constitutional rights he was waiving, the nature of the crime, and the possible sentencing range. He determined that the defendant had also been advised of his constitutional rights by his attorney and understood them. Finally, the judge determined that the defendant was entering his guilty plea of his own volition.
However, the record does reveal an error, in that the acceptance of the defendant’s guilty plea was contrary to LSA-C.Cr.P. Article 642. That article provides that once the question of the defendant’s mental capacity is raised there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. State v. Harris, 406 So.2d 128 (La.1981). The defendant raised the issue of his mental capacity prior to the acceptance of his guilty plea; however, the record reveals no further steps taken by the court for a mental examination or appointment of a sanity commission.
In this case we find that the court’s acceptance of the guilty plea prior to the conclusion of the sanity hearing is not reversible error. Counsel for the defendant voluntarily withdrew the pleas of guilty and not guilty by reason of insanity after having him examined by a retained psychologist, whose report he introduced into evidence. Counsel stated:
And at this time, Your Honor, we would withdraw the former plea of not guilty, not guilty by reason of insanity and enter a plea of guilty as charged to both burglaries.
And I reviewed the forms with the defendant and he has had an opportunity to review the matter, I think, and he has already signed the plea form.
The defendant was then re-arraigned. Where there is no contemporaneous objection to the arraignment’s occurring before the conclusion of the sanity hearing and where the defendant has not urged the error on appeal, the defendant has waived the objections. State v. Sharlow, 493 So.2d 213 (La.App. 5th Cir.1986), writ denied 496 So.2d 329 (La.1986).
There are no other patent errors in the record.
For the reasons assigned above, the sentence appealed from is affirmed.
AFFIRMED.