618 So.2d 539 (1993)
STATE of Louisiana
v.
James H. HUDSON.
No. 92-KA-2509.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff / appellee.
Before ARMSTRONG, JONES and WALTZER, JJ.
WALTZER, Judge.
James H. Hudson was charged by bill of information on October 26, 1990, with possession of heroin, a violation of LSA-R.S. 40:966. At his arraignment on November 7, 1990, he pleaded not guilty. The trial court found probable cause and denied the Motion to Suppress the Evidence on March 11, 1991. A twelve-member jury found him guilty as charged after trial on the merits on July 28, 1992. He was sentenced on August 7, 1992, to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals, arguing that the trial court erred in imposing an excessive sentence.
At trial NOPD Officer Eddie Selby testified that he was in plain clothes and an unmarked vehicle on Washington Avenue and Freret Street when he saw the appellant *540 whom he recognized from the neighborhood. He told his partner to slow down, and he got out of the car and walked up behind two men standing very close together. The appellant had three tin foil packets in his right hand. The officer and his partner grabbed the appellant who tried to swallow the packets and then dropped them. The officers picked them up and arrested the appellant. The substance in the packets was tested and proved to be heroin.
Norman Ratcliff testified for the defense that he was present when James Hudson was arrested on September 26, 1990, on the corner of Washington Avenue and Freret Street. Ratcliff saw the police men drive up, jump out of their car and begin wrestling with the appellant who was simply standing on the street. He did not see them pick up anything from the ground.
In his only assignment of error, the appellant argues that the trial court erred in imposing a sentence beyond the guidelines. This Court cannot consider that argument, however, because the defendant did not file a Motion to Reconsider the Sentence imposed within 30 days of sentencing as required by LSA-C.Cr.P. art. 881.1. According to art. 881.1, failure to file a Motion to Reconsider precludes the defendant from raising a claim about the sentence on appeal. State v. Brewster, 609 So.2d 1094 (La.App. 2nd Cir.1992).
Our review of the record reveals an error patent. The defendant was sentenced to serve ten years without benefit of parole, probation or suspension of sentence. Because the appellant was sentenced under R.S. 40:966(0(1), his sentence is imposed without benefit of probation or suspension of sentence. However, this court has held that parole eligibility is determined by the Department of Corrections pursuant to La.R.S. 15:574.4. State v. Solid, 529 So.2d 108 (La.App. 4th Cir.1988); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989); State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989).
Therefore we find that the defendant should not have been denied parole.
Accordingly, the appellant's sentence is amended so that that portion of his sentence denying parole is deleted. In all other respects, his conviction and sentence are affirmed.
AFFIRMED AND AMENDED.
JONES, J., dissents.
JONES, Judge, dissenting.
I respectfully dissent.
LSA-C.Cr.P. art. 881.1 is unconstitutional as a denial of the constitutional right against cruel and unusual punishment. Such a right cannot be waived by a failure to timely object.