622 So.2d 1224 (1993)
STATE of Louisiana, Appellee,
v.
Mark Anthony JACKSON, Appellant.
No. 25,141-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Jacqueline Scott, Bossier City, for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Robert R. Smith and J. Spencer Hays, Asst. Dist. Attys., for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
STEWART, Judge.
Defendant, Mark Jackson, charged with aggravated battery and distribution of cocaine arising from separate incidents, was allowed to plead guilty to attempted distribution of cocaine and the other charge was dismissed. He appeals his six-year sentence as excessive. We affirm.
*1225 The evidence of record shows that on July 16, 1991, Jackson sold one rock of crack cocaine valued at $20 to an undercover police officer who had been introduced to him by a confidential informant. The sale occurred at the Village Manor Apartments near Haughton in Bossier Parish. Laboratory analysis confirmed that the substance was cocaine.
LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to Jackson's December 1, 1992 sentence. This article precludes Jackson from raising an objection to the sentence or from urging any grounds not raised in a motion to reconsider sentence on appeal or review. We do not read the Louisiana Supreme Court's recent opinion in State v. Mims, 619 So.2d 1059 (La.1993), as having obviated this statutory requirement that a motion to reconsider sentence be filed in order to preserve a claim of excessive sentence for appellate review. Because Jackson failed to move for reconsideration, he is barred from attacking his sentence on appeal. State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992); State v. Woods, 619 So.2d 803 (La.App. 1st Cir.1993); State v. Moore, 614 So.2d 145 (La.App. 3d Cir.1993); State v. Hudson, 618 So.2d 539 (La.App. 4th Cir.1993); State v. Goff, 608 So.2d 1067 (La.App. 5th Cir. 1992).
We have examined the record for error patent and found none.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
BROWN, J., concurs with written reasons.
BROWN, Judge, concurring.
Jackson has specifically alleged that his sentence is excessive under Louisiana's Constitution. Because no motion to reconsider the sentence was filed with the trial court, the majority has refused to review his constitutional claim. In State v. Mims, 619 So.2d 1059 (La.1993), a motion to reconsider sentence was filed but did not allege any specific ground for excessiveness. This court had determined that such a motion to reconsider was inadequate; however, the supreme court reversed, finding that defendant did not lose his right to appeal the "bare claim of excessiveness."
LSA-Const. Art. I, § 20 (1974) prohibits the imposition of excessive punishment. Excessiveness of sentence is a question of law which is reviewable. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Lamark, 584 So.2d 686 (La.App. 1st Cir.1991). A constitutional right cannot be defeated legislatively through establishment of a procedural rule such as LSA-C.Cr.P. Art. 881.1. Refusal to review a constitutional claim of excessiveness serves neither party and is inefficient. This claim will reappear in the form of a post-conviction relief application.
A sentence violates LSA-Const. Art. I, § 20 if it is grossly out of proportion to the severity of the offense or serves no purpose and is only a needless imposition of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock a sense of justice. State v. Lobato, supra; State v. Hogan, 480 So.2d 288 (La.1985).
At the time this crime was committed, Jackson was on probation for attempted simple burglary. His pending aggravated battery charge was dismissed at the request of the victim, who was his girlfriend. As originally charged, Jackson potentially faced a considerably longer sentence. These factors and other information set forth in the Pre-Sentence Investigation report were considered by the trial court. Under these circumstances, Jackson's six year term does not shock a sense of justice and is not excessive. Thus, after review I would affirm defendant's conviction and sentence.