661 So.2d 527 (1995)
STATE of Louisiana, Appellee,
v.
Sally Ann ROBINSON, Appellant.
No. 27,225-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
Indigent Defender Board by John Lawrence, Shreveport, for appellants.
Richard Ieyoub, Attorney General, Baton Rouge, Paul J. Carmouche, District Attorney, Shreveport, H. Ted Cox, Catherine M. Estopinal, Assistant District Attorneys, for appellee.
Before SEXTON, NORRIS and STEWART, JJ.
SEXTON, Judge.
The defendant, Sally Ann Robinson, pled guilty to possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. The guilty plea was the result of a plea agreement which secured the dismissal of several misdemeanor charges. The trial judge sentenced her to four and one-half years at hard labor without benefit of probation, parole, or suspension of sentence and a $1,000 fine and court costs. She appeals her sentence as constitutionally excessive and also claims the trial court's instruction that her fine be paid through the inmate banking system constitutes an illegal sentence. We amend the sentence and affirm as amended.

FACTS
On December 29, 1993, several witnesses saw defendant, Sally Ann Robinson, fire a *528 pistol in the air while standing in the parking lot of a Brookshire's Food Store in Shreveport. She then got in her car and drove away before eventually being caught by law enforcement officials after a high-speed chase. Defendant was charged with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1.
Defendant had been previously convicted of simple robbery in the Twenty-Sixth Judicial Court, Bossier Parish, on October 26, 1981. For that conviction, she received a suspended sentence of four years at hard labor and was placed on five years supervised probation.
Pursuant to a plea bargain agreement, defendant pled guilty to the charged offense. Prior to imposing sentence, the trial judge reviewed the factual scenario of the events leading to defendant's arrest, discussed her criminal history and stated that his interpretation of the sentencing guidelines placed defendant in grid cell 5B for a designated sentence range of 66-54 months.[1] The trial judge considered defendant's guilty plea as a mitigating factor. A sentence of four and one-half years at hard labor without benefit of probation, parole, or suspension of sentence was imposed in addition to a fine of $1,000 and court costs, all to be paid through the inmate banking system.
On December 6, 1994, defendant's counsel submitted a brief to this court, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he had examined the record and found no non-frivolous issues to advance on her behalf on appeal. Accordingly, counsel moved this court to review the record for error patent and to relieve him of his representation of defendant. Counsel had sent written notice to defendant via certified mail informing her that she could file a supplemental brief. This court issued an order on December 21, 1994, holding the motion to withdraw in abeyance and granting defendant thirty days to file a supplemental brief. Defendant did not file such a brief.
After independent review of the record by this court for any legal point arguable on the merits, counsel's motion to withdraw was denied and he was instructed to brief as error the trial court's imposition of a constitutionally excessive sentence. Counsel additionally contends the trial court's order that defendant's fine be payable through the inmate banking system is an illegal sentence.

EXCESSIVE SENTENCE
Defendant did not file a motion to reconsider sentence, which is conceded in brief. LSA-C.Cr.P. Art. 881.1 precludes the state or defendant from raising an objection to the sentence or from urging any grounds not raised in a motion to reconsider sentence on appeal or review. Because defendant failed to move for reconsideration, she is barred from attacking her sentence on appeal. State v. Bryant, 607 So.2d 11 (La. App.2d Cir.1992), writ denied, 92-3082 (La. 02/25/94), 632 So.2d 760; State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992). Further, she may not now challenge the sentence as being excessive. State v. Jackson, 622 So.2d 1224 (La.App.2d Cir.1993). We do not read the Louisiana Supreme Court's opinion in State v. Mims, 619 So.2d 1059 (La.1993), as having obviated the statutory requirement that a motion to reconsider sentence be filed in order to preserve a claim of excessive sentence for appellate review. State v. Jackson, supra.
Moreover, even if we were to review the constitutionality of defendant's sentence, we find it is commensurate with the crime and neither shocks our sense of justice nor constitutes a purposeless and needless infliction of pain and suffering. The statutory range for a violation of LSA-R.S. 14:95.1 is imprisonment at hard labor for not less than three nor more than ten years without benefit of probation, parole, or suspension of sentence. Also the offense carries a fine of not less than $1000 nor more than $5000. Defendant had an extensive criminal history and benefited from her plea agreement. Further, the sentence of four and one-half years *529 at hard labor is on the lower end of the statutory range.

IMPOSITION OF FINE
Defendant also contends the trial court's order that her fine be payable through the inmate banking system constitutes an illegal sentence. As support, she references LSA-R.S. 15:874, the provision regarding the inmate compensation account. This statute provides for the expenditures that are permitted to be made from an inmate's compensation account. These expenditures include accredited educational courses, purchase of U.S. or Louisiana bonds, court costs in a matter in which the inmate is a party, and any restitution imposed by the Department of Public Safety and Corrections as provided for in LSA-R.S. 15:875. Further, LSA-R.S. 15:874(4)(d) states:
Except as provided in Paragraph (6) of this Section, money may not be withdrawn from an inmate's savings account for any other reason prior to his discharge or parole.
Paragraph (6) provides for the inmate's receipt of the money in the account upon release or discharge.
Based upon these provisions, we conclude that the trial court erred in ordering that defendant's fine be paid through the inmate banking system. Because LSA-C.Cr.P. Art. 882 provides that an illegal sentence may be corrected at any time by an appellate court on review, we amend defendant's sentence to eliminate the trial court's order that defendant's fine be paid through the inmate banking system.
We do not, however, find the fine to be excessive. LSA-R.S. 14:95.1 B provides for a fine of not less than $1,000, nor more than $5,000, for a person convicted of possession of a firearm by a convicted felon. The fine imposed is the statutory minimum.

ERROR PATENT REVIEW
Our error patent review disclosed that the trial court failed to correctly inform the defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8.[2] The trial judge merely referred to the provision and instructed defendant to direct any questions to her attorney. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Cox, 604 So.2d 189 (La.App.2d Cir.1992); State v. Mock, 602 So.2d 776 (La. App.2d Cir.1992); LSA-C.Cr.P. Arts. 921, 930.8(C).
We direct the district court to send appropriate written notice to defendant within ten (10) days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App.2d Cir.1992).

CONCLUSION
Defendant's conviction is affirmed. We amend defendant's sentence to eliminate the trial court's order that her fine be paid through the inmate banking system. As amended, defendant's sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Our review of the record reveals that the defendant was appropriately classified as a grid cell 5A offender rather than a grid cell 5B offender. The 5A grid cell recommendation is 72-60 months.
[2] Art. 930.8 A provides in pertinent part that "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of [LSA-C.Cr.P.] Article 914 or 922...."