702 So.2d 40 (1997)
STATE of Louisiana, Appellee,
v.
Roddie ANDERSON, Appellant.
No. 30060-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*41 Jones & Charles by E. Roland Charles, Monroe, for Appellant.
Roddie Anderson, in pro. per.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Charles L. Brumfield, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and WILLIAMS and CARAWAY, JJ.
MARVIN, Chief Judge.
Roddie Anderson appeals as excessive his hard labor sentence of five years imprisonment for possession of cocaine. La. R.S. 40:967. We affirm.

DISCUSSION
After a bench trial during which he represented himself, Anderson was found guilty of possession of cocaine. At the time of this conviction, he had begun serving a 30-year sentence for distribution of cocaine. Anderson had also been convicted and was awaiting sentence on a charge of simple escape, which was imposed the same day as the sentence complained of on this appeal. Anderson had also been charged with another distribution offense and three felony bail jumping offenses. He was subject to being charged as an habitual offender, but no bill of information had been filed by the district attorney at the time of the sentencing hearing.
For the offense of possession of CDS, the trial court sentenced Anderson to five years imprisonment at hard labor, to be served consecutively to any other sentence imposed upon him.
Anderson voiced his intention to appeal this sentence at the sentencing hearing, but failed to move for reconsideration of the sentence in the trial court. This appeal followed. *42 The sole error assigned in this out-of-time appeal is excessiveness of the five-year sentence for possession of cocaine, which we find without merit.
La.C.Cr.P. art. 881.1(D) provides that failure to make or file a motion for reconsideration of sentence precludes a defendant from challenging the sentence on appeal for any ground, including excessiveness, not specified in the motion. State v. Brantley, 28,542 (La.App. 2d Cir. 8/21/96), 679 So.2d 472.
The defendant is required under La. C.Cr.P. art. 881.1 to file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, but simply alleges that the sentence is excessive, then the defendant does not lose the right to appeal the sentence; the defendant is relegated to having the appellate court consider the bare claim of excessiveness. Art. 881.1 precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency. State v. Mims, 619 So.2d 1059 (La.1993).
Defendant's verbal objection after the imposition of sentence did not move for reconsideration by the trial court or complain of any specific ground, including excessiveness, upon which the sentence should be reconsidered. He failed to present the issue of excessiveness of the sentence to the trial court at a point when the trial court was in a position to correct it. This court is therefore not required to rule upon the excessiveness of the defendant's sentence because this issue was never raised in the lower court. We do not read Mims, supra, as obviating the statutory requirement that a motion to reconsider sentence be filed in order to preserve a claim of constitutional excessiveness for appellate review of the sentence. State v. Robinson, 27,225 (La.App.2d Cir. 9/27/95), 661 So.2d 527.
We do not find the sentence unconstitutionally excessive, i.e., grossly disproportionate to the offense under the particular circumstances of this defendant's case, nor shocking to our sense of justice, needless or purposeless. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973.
The statutory maximum is available to a sentencing judge in appropriate circumstances, whether defendant is sentenced on a reduced charge or the original charge. Past records of drug offenses weigh heavily in the decision to uphold the sentences meted out in contraband possession cases. State v. Mayweather, 556 So.2d 200, 202 (La.App. 2d Cir. 1990). Maximum sentences for drug offenses committed by defendants with past criminal records were affirmed in State v. Taylor, 454 So.2d 1216 (La.App. 2d Cir.1984) (five years for possession of several phentermine capsules) and State v. Herron, 506 So.2d 970 (La.App. 3d Cir.1987), writ denied (five years for second offense possession of an unstated amount of marijuana, suspended and probated on the condition that defendant serve a ten-year maximum sentence for marijuana distribution).
In this case, Anderson had previously been convicted of distribution of cocaine, in addition to the possession of CDS conviction. He was being sentenced on the same day for the simple escape conviction.
For purposes of sentencing, the court may draw from sources beyond mere convictions. State v. Higginbotham, 541 So.2d 348, (La.App. 2d Cir.1989), amended and affirmed on other grounds, 556 So.2d 28 (La.1990). The court may consider prior arrests, and suspicions of criminal activity (hearsay) without actual proof the defendant committed other offenses. State v. Hatter, 338 So.2d 100 (La.1976); State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992). The record shows Anderson had another distribution of cocaine charge and three felony bail jumping charges pending against him.
Under the individual circumstances of this case, we do not find error patent or the sentence constitutionally excessive.
AFFIRMED.